

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL SCHNEIDER**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
ONE JOHN F. GERRY PLAZA
Fourth & Cooper Streets, Room 2060
Camden, New Jersey  08101
(856) 757-5446

**LETTER ORDER
ELECTRONICALLY FILED**
October 26, 2015

James E. Cecchi, Esquire
Carella Byrne Cecchi Olstein
Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, NJ 07068

Joseph A. Boyle, Esquire
Michael A. Innes, Esquire
Kelley Drye & Warren LLP
One Jefferson Road
2nd Floor
Parsippany, NJ 07054

Stephen A. Corr, Esquire
Stark & Stark
777 Township Line Road
Suite 120
Yardley, PA 19067-5559

  **Re: Thiel v. Riddell, Inc. et al.
    Civil No. 13-7585 (JBS/JS)**

Dear Counsel:

  The purpose of this Letter Order is to further the goal of holding a meaningful Rule 16 conference on November 5, 2015. The Court received and reviewed the parties' recent letters.

  1. By November 3, 2015, the parties are ORDERED to serve a joint letter identifying the material discovery and ESI issues in dispute. The parties shall be prepared to discuss the issues in depth. The parties are expected to continue to meet and confer in good faith to narrow and focus their disputes. By way of example only, will defendants object on attorney-client grounds to producing their document and ESI retention policy? <u>See</u> Request 25.

  2. The Court intends to resolve all discovery disputes regarding plaintiff's written discovery at or shortly after the November 5, 2015 conference. After all objections are resolved, a reasonable date will be set to serve responses to the discovery. All objections will be barred.

October 26, 2015
Page 2

     3.   To the extent not already done, defendants shall promptly serve plaintiffs with their written discovery. Plaintiff's objections shall be served within two (2) weeks of service.

     4.   All provisions of the Amended Federal Rules of Civil Procedure effective December 1, 2015 shall apply. The parties are directed to pay particular attention to Rule 34(b)(2).

     5.   The Court will not bifurcate class certification and "merits" discovery. If a discrete and severable issue exists that is only relevant if the class is certified (<u>e.g.</u>, class wide damages), the Court may defer discovery on the issue.

     6.   Boilerplate and "form" objections will be stricken and deemed waived, including objections as to "burdensomeness" where no supporting information is provided. <u>See</u> Amended Rule 34(b)(2)("[T]he response must either state that inspection … will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). <u>See also</u> Rule 34(b)(2)(C)("An objection must state whether any responsive materials are being withheld on the basis of that objection.") The parties shall be mindful that the Rule further provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest."

     7.   To the extent not already done, the parties shall serve the Court with copies of the information they exchanged on September 10, 2015.

     8.   The Court asks defendants to reassess their "vague and ambiguous" objections as set forth on pp. 7-8 of plaintiffs' October 23, 2015 letter. All parties must be mindful of the requirements in Rule 26(g) which will be enforced by the Court.

                                  Very truly yours,

                                    *s/Joel Schneider*
                                    JOEL SCHNEIDER
                                    United States Magistrate Judge

JS:jk
cc:  Hon. Jerome B. Simandle