# Exhibit B

Joseph A. Boyle
Michael A. Innes
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900

Michael C. Lynch (admitted *pro hac vice*)
Sung W. Kim (admitted *pro hac vice*)
James B. Saylor (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

John E. Villafranco (*pro hac vice to be filed*)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8451

*Attorneys for Defendants*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RIDDELL CONCUSSION REDUCTION LITIGATION | Case No. 1:13-cv-7585(JBS)(JS) |

### DEFENDANTS' FIRST SET OF
### <u>INTERROGATORIES TO PLAINTIFF NORMA D. THIEL</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.1 and 33.1 of the Local Rules of the United States District Court for the District of New Jersey, Defendants Riddell, Inc., Riddell Sports Group, Easton-Bell Sports, Inc., Eastern-Bell Sports, LLC, EB Sports Corporation, RBG Holdings Corporation, and All- American Sports Corporation (collectively, "Defendants"), by and through their attorneys Kelley Drye & Warren

LLP, hereby request plaintiff Norma D. Thiel answer each of the following Interrogatories in writing and under oath in accordance with the instructions and definitions that follow.

## DEFINITIONS

1. "Action" or "Case" means the consolidated action styled as *In re Riddell Concussion Reduction Litigation*, Case No. 1:13-cv-7585.

2. "Complaint" refers to the Second Amended Complaint filed by Plaintiffs in this Action, dated March 5, 2015.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) whether oral or written. Oral communication includes, discussion, conversation, conference, presentation, and call, whether in person, by telephone, telecopier, letter, e-mail or any other means.

4. "Concerning" shall mean, without limitation, constituting, referring or relating to, representing, reflecting, incorporating, discussing, monitoring, making reference, alluding or pertaining to.

5. "Correspondence" any and all written or electronic communications of any kind, including without limitation, documents, letters, forms, memoranda, reports, notes, worksheets, drafts, working papers, contracts, agreements or other papers whether handwritten, typed, printed or reproduced photostatically or photographically, including all film, microfilm, photographs, audiotapes, videotapes, e-mails, drawings or other visual representations and any computer, magnetic, mechanical or electronic recordings. The term "correspondence" extends to and specifically encompasses all non-identical copies of any responsive documents and all such non-identical copies should be produced.

6. "Defendants" means defendants Riddell, Inc., Riddell Sports Group, Easton-Bell Sports, Inc., Eastern-Bell Sports, LLC, EB Sports Corporation, RBG Holdings Corporation, and All-American Sports Corporation.

7. "Document" has the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure, and includes electronic data.  In addition, "document" means any "writing" as defined in Rule 1001 of the Federal Rules of Evidence.

8. "Riddell" means defendant Riddell, Inc.

9. "Riddell Helmet(s)" has the same meaning as "HELMETS" in Plaintiffs' First Set of Interrogatories, dated September 10, 2015.

10. "Traditional Helmets" means the Riddell VSR-4 and similar, old-model helmets which preceded the advent of Riddell's Concussion Reduction Technology.

11. "Plaintiff(s)" means plaintiffs Norma D. Thiel, Nicholas W. Farrell, Cahokia School District, Alliance Youth Sports Association, Gustavo Galvan, Douglas Aronson, and Denise Aronson.

12. "Putative Class" or "Putative Class Members" and "Putative Sub-Class" or "Putative Sub-Class Members" means or refers to the Putative Class or Putative Sub-Class(es) and any of the Putative Class or Sub-Class Members that Plaintiffs seek to represent in this Action.

13. "Identify" with respect to an individual means provide the individual's full name, business title, business address or, if a business address is unknown, last known home address, and, if known, telephone number.  "Identify" with respect to an entity other than an individual means provide the entity's full name, address and, if known, telephone number.

14. "Including" or "Include" shall be construed as referring to an incomplete listing of illustrative examples and not as limiting or narrowing the generality of any definition, instruction or request.

15. "Relating to," "regarding" or "concerning" means in connection with, constituting, analyzing, connecting, containing, describing, discussing, embodying, evidencing, reporting or commenting on, inquiring about, setting forth, explaining, reflecting, identifying, stating, considering, referring to, mentioning, alluding to, or in any way pertaining to, in whole or in part or having any logical or factual connection whatsoever with the subject matter in question.

16. "Subject Matter of this Action" means the facts and claims alleged in the Complaint and the defenses asserted in the Answer, and generally refers to any of the claims and defenses asserted by any party in this Action.

17. "You" and "Your" means or refers to plaintiff Norma D. Thiel, and/or anyone acting on her behalf.

## INSTRUCTIONS

1. <u>Scope of Discovery (Location and Custody of Information)</u>.  These Interrogatories cover all information in Your possession, custody and control, including, but not limited to, information in the possession of Your officers, employees, agents (e.g., technical consultants), servants, representatives, its attorneys, or other persons directly or indirectly employed or retained by You, or anyone else acting on Your behalf or otherwise subject to Your control.

2. <u>Lack of information</u>.  If You currently lack information to answer any Interrogatory completely, state:

      (a)    the responsive information currently available;

      (b)    the responsive information currently unavailable;

      (c)    efforts which You intend to make to secure the information currently unavailable; and

      (d)    when You anticipate receiving the information currently unavailable.

3.    <u>Supplemental Responses</u>.  These Interrogatories are continuing in character so as to require You to file supplemental responses pursuant to Fed. R. Civ. P. 26(e) if You obtain or discover further or different information after the answers are submitted.

4.    <u>Identification of a "Document"</u>.  Whenever in these Interrogatories there is a request to identify a "document," state or identify:

      (a)    its date;

      (b)    its addressee and all other persons receiving copies;

      (c)    the type of document (e.g., letter, memorandum, contract, report, accounting record, etc.)

      (d)    its title;

      (e)    its substance;

      (f)    its custodian;

      (g)    its present or last known location; and

      (h)    if the document was, but no longer is, in Your possession or subject to Your control, provide the information set forth in Section 3 above.  You need not provide a description as detailed as the foregoing if the document is produced to Defendants in response to these Interrogatories and if such information is readily discernible from the document.  The final version

and each draft of each document should be identified separately. Each original and each non-identical copy (bearing marks or notations not found on the original) of each final version and draft of each document should be identified separately.

5. <u>Identification of a "Person"</u>. Whenever in these Interrogatories there is a request to identify or state the identity of a natural person, state that person's:

(a) full name, current employer and present address;

(b) present or last known business address;

(c) present or last known employer and position with that employer; and

(d) employer and position at the time relevant to the particular Interrogatory or document request involved.

6. Whenever in these Interrogatories there is a request to identify a "person," where the person is not a natural person, but otherwise falls within the definition set forth in 42 U.S.C. Section 9601(21), state or identify the person's:

(a) name;

(b) the form of its organization (corporation, partnership, etc.);

(c) present or last known principal place of business;

(d) telephone number; and

(e) business.

7. <u>Document Production in Lieu of Written Response</u>. Whenever a full and complete answer to any Interrogatory or part of an Interrogatory is contained in a document or documents, the documents, if properly identified as answering a specific numbered Interrogatory or part of an Interrogatory, may be supplied in place of a written answer provided that the

specific sections or pages from the document that are responsive to the Interrogatory are identified.  If any answer to any Interrogatory identifies or refers to a document, produce that document as described in Instruction 14.

8. <u>Estimate</u>.  Interrogatories calling for numerical or chronological information shall be deemed, to the extent that precise figures or dates are not known, to call for estimates.  In each instance that an estimate is given, it should be identified as such together with the source of information underlying the estimate.

9. <u>Deletions from Documents</u>.  Where anything has been deleted from a document produced in response to an Interrogatory:

    (a)    specify the nature of the material deleted;

    (b)    specify the reason for the deletion; and

    (c)    identify the person responsible for the deletion.

10. <u>Privilege as Applied to Interrogatory Response</u>.  Should You believe that any information requested by any of the following Interrogatories is privileged, identify the subject matter of such information, all persons with knowledge of such information, state the privilege asserted, and state the facts giving rise to such privilege.

11. <u>Singular/Plural</u>.  Words used in the plural shall also be taken to mean and include the singular.  Words used in the singular shall also be taken to mean and include the plural.

12. <u>"And" and "Or"</u>.  The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13. <u>Organization of Documents in Response</u>.  Any documents submitted pursuant to these Interrogatories should be grouped and labeled according to the individual Interrogatory to which the documents respond.  Within each group, the documents should be arranged, to the

extent possible, by the office, division or department that had custody of the document and within each office, division or department in chronological order. If any document is responsive to more than one Interrogatory, You may provide a single copy indicating the Interrogatories to which it is responsive, in lieu of providing multiple copies.

## INTERROGATORIES

1. Set forth each and every Riddell Helmet that You purchased, including Model Name and Model Number and/or Product Code.

2. Set forth the date or dates You purchased the Riddell Helmets identified in response to Interrogatory No. 1.

3. Set forth the seller from whom You purchased the Riddell Helmets identified in response to Interrogatory No. 1, and the location or means by which You made the purchases on the dates identified in Interrogatory No. 2.

4. Set forth and describe in detail any advertisement or statement regarding the Riddell Helmet(s) identified in response to Interrogatory No. 1 that You received, viewed and/or relied upon in making a purchase decision.

5. Set forth what you claim was false or misleading in any advertisement or statement identified in response to Interrogatory No. 4.

6. Set forth how You were deceived or misled by any advertisement or statement identified in response to Interrogatory No. 4.

7. Set forth the facts upon which You base any claim that any advertisement or statement identified by You as false or misleading in Interrogatory Nos. 4 and 5 was, in fact, false or misleading.

8. State when and how You first learned of the facts set forth in response to Interrogatory No. 7.

9. Set forth the helmet model(s) (whether it be a Riddell brand helmet, or a helmet model manufactured by one of Riddell's competitors) that You considered purchasing before deciding to purchase any helmet identified in response to Interrogatory No. 1.

10. Set forth the damages You claim any Defendant caused You to suffer in connection with any helmet identified in response to Interrogatory No. 1.

11. Set forth in full and complete detail, and without resort to legal conclusions, each and every fact and/or basis for the damages identified in response to Interrogatory No. 10. Particularly, and without limiting the above request, or any request herein, describe in detail the calculation(s) used, and the origin of the figures used therein, and attach copies of any and all

statements, bills, ledger pages, book account, copies, or similar documents, in whatever medium the same is stored, in which, or from which, the aforesaid figures appear, or were compiled.

12. State the name, last known address and telephone number of all persons who You believe have knowledge or information that relates in any way to allegations set forth in the Complaint (or defenses thereto), including any claim for damages, and as to each such person, including experts whose reports or testimony You or Plaintiffs intend to rely on in this Action, state briefly a summary of the information known.

13. Set forth the names and addresses of all persons that You or Plaintiffs intend to call as witnesses at trial or any hearing, including expert witnesses, and, for each such person, set forth: (a) the subject matter about which he/she is expected to testify; and (b) the substance of the facts and opinions about which he/she is expected to testify.

14. Identify and describe in detail every communication (written and/or oral) and/or contact that You had with any of the Plaintiffs, Defendants or any third-party (including any potential Putative Class Member) concerning or relating to any of the facts alleged in the Complaint. For each communication and/or contact with third parties, set forth the name and address of such third parties.

15. Describe in detail the contents of the conversations between You and any employee or agent of Defendants.

16. Do You contend that any advertisement, statement, television infomercial, radio, print, retail or Internet advertisement(s) explicitly or implicitly claims that Riddell Helmets are superior to non-Traditional Helmets with regard to their ability to reduce the incidence of concussions?

17. If the answer to the preceding Interrogatory was anything other than no, set forth each and every fact that supports Your contention.

18. Do You contend that any advertisement, statement, television infomercial, radio, print, retail or Internet advertisement(s) explicitly or implicitly claims that Riddell Helmets are superior to Traditional Helmets with regard to their ability to reduce the incidence of concussions?

19. If the answer to the preceding Interrogatory was anything other than no, set forth each and every fact that supports Your contention.

20. Identify and describe in detail any Documents or other materials You received, viewed and/or relied upon concerning concussions, concussion risks, and participation in football, and how any such Documents or other materials influenced your decision to purchase a Riddell Helmet.

21. Set forth in detail the basis for Your contention that "Riddell Football Helmets do not provide the promised 'Concussion reduction Technology' or result in decreasing the incidence of concussions for corresponding concussion reduction results," and that "claims of concussion reduction related to football helmets are not valid" as alleged in Paragraph 7 of the Complaint.

22. Set forth in detail the basis for Your contention that Defendants' "helmets are no more effective at reducing concussions than any other helmets on the market," and that "[d]espite Defendants' representations, there is no material difference in the Riddell Football Helmets and the other football helmets available to consumers in regard to concussion reduction," as alleged in Paragraphs 11 and 86 of the Complaint.

23. State whether You received any discount, refund, credit or adjustment from Defendants, in response to a promotion, request, policy, or for any other reason, and if so, state the date and amount of each such discount, refund, credit or adjustment.

24. Identify all lawsuits or litigation, regardless of the time period, in which You have been involved in any capacity, including but not limited to Your involvement as a party, witness, or deponent. For each lawsuit identified, state Your involvement in and the nature of the case.

25. State the name, last known address and telephone number of all persons (other than counsel) participating in preparing the answers to this set of interrogatories, including any person who was consulted with regard to any Interrogatory or who provided responsive information to any of Your answers. If any person identified in response to this Interrogatory only participated in the preparation of Your answers to a subset of the above Interrogatories, limit Your answer by specifying that subset of Interrogatories.

Dated: November 9, 2015

                                                          KELLEY DRYE & WARREN LLP

                                                          By:  */s/ Joseph A. Boyle*
                                                          Joseph A. Boyle
                                                          Michael A. Innes
                                                          KELLEY DRYE & WARREN LLP
                                                          One Jefferson Road
                                                          Parsippany, New Jersey 07054
                                                          (973) 503-5900

                                                          Michael C. Lynch (admitted *pro hac vice*)
                                                          Sung W. Kim (admitted *pro hac vice*)
                                                          James B. Saylor (admitted *pro hac vice*)
                                                          KELLEY DRYE & WARREN LLP
                                                          101 Park Avenue
                                                          New York, New York 10178
                                                          (212) 808-7800

                                                          John E. Villafranco (*pro hac vice to be filed*)
                                                          KELLEY DRYE & WARREN LLP
                                                          Washington Harbour, Suite 400
                                                          3050 K Street, NW
                                                          Washington, DC 20007
                                                          (202) 342-8451

                                                          *Attorneys for Defendants*