[Doc. No. 106]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| In re: RIDDELL CONCUSSION REDUCTION LITIGATION | Civil No. 13-7585 (JBS/JS) |
|---|---|

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order decides defendants' motion asking the Court to reconsider its ruling that plaintiffs' answers to several of their contention interrogatories be deferred until later in the case. The Court does not need to wait for plaintiffs' response to decide the motion. Nor does the Court need oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed defendants' motion is denied.

Background

Although plaintiffs' class action complaint was filed on December 16, 2013, discovery is just getting off the ground. The parties have spent the last two years addressing defendants' two motions to dismiss, the second of which was granted and denied in part on August 3, 2015. Plaintiffs allege in this putative class action that defendants marketed their football

helmets based on allegedly false or misleading claims that the helmets were equipped with specialized concussion reduction technology, and that in some situations the helmets could reduce concussions by as much as 31%. Plaintiffs allege, inter alia, that defendants' helmets do not reduce the incidence of concussions compared to other football helmets on the market. Defendants deny all liability allegations.

In an effort to avoid the discovery dispute morass that typically plagues complex cases of this sort, the Court resolved to decide all disputes regarding the parties' written discovery at the outset of discovery and before substantive answers were filed.[1] On December 17, 2015, the Court ruled on the parties' objections and subsequently Ordered answers to interrogatories and complete document productions (including ESI) to be served no later than March 1 and 16, 2016, respectively. Objections are prohibited since they have already been decided. Objections that have not already been raised (excluding privilege assertions) are deemed waived.

The interrogatories at issue will not be repeated verbatim. In short, these are contention interrogatories asking plaintiffs to identify what was false or misleading about their

[1] The alternative of waiting to address the parties' disputes until after objections and pro forma answers were filed was not appetizing. The Court resolved the parties' objections within a month or two of the first conference rather than waiting until months down the road.

advertisements or statements, how they were deceived or misled, the facts to support their false or misleading claims, and when and how they learned of these facts. The Court sustained plaintiffs' objections and ruled that the answers to the inquiries would be deferred until later in the case. The Court subsequently Ordered that all contention interrogatories "shall be answered at least thirty (30) days before the expiration of the class action fact discovery deadline to be set in a Scheduling Order to be entered." December 21, 2015 Order at ¶7, Doc. No. 104.

Defendants ask the Court to reconsider its ruling and Order plaintiffs to serve prompt answers. They argue plaintiffs are merely being asked to affirm, in certified answers, information they are legally required to have in their possession. LB at 2. Defendants argue that if this is not required they will be forced to "substantiate their own advertising." Id. This, defendants argue, effectively shifts to them the burden of proof in this false advertising and unlawful competition action. Defendants also argue the requested information is relevant to class certification, and that prompt answers will avoid discovery delays.

Discussion

As a general matter the Court agrees with defendants that contention interrogatories are an appropriate discovery tool. See, e.g., Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 110 (D.N.J. 1990)("[A]n interrogatory may properly inquire into a party's contentions in the suit"); Leski, Inc. v. Federal Insurance Co., 129 F.R.D. 99, 107 (D.N.J. 1989)("[I]nterrogatories seeking to elicit what a party's contentions will be at the time of trial are not objectionable, as responses to these questions will help narrow the issues to be tried"); see also Conopco, Inc. v. Warner-Lambert Co., C.A. No. 99-101 (KSH), 2000 WL 342872, at *4-5 (D.N.J. Jan 26, 2000)("Contention interrogatories are permissible[]"). Nevertheless, the Court is afforded "considerable discretion in deciding when, if ever, a party must answer contention interrogatories." Nestle Foods, 135 F.R.D. at 110; see also Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D.453, 454 (D.N.J. 2007)("[M]agistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery[]"); Forrest v. Corzine, 757 F. Supp. 2d 473, 477 (D.N.J. 2010)("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances").

In short, the Court properly exercised its discretion to defer plaintiffs' answers to interrogatories 5-8 and will not reconsider its ruling. Accord Nestle Foods, 129 F.R.D. at 110-ll ("[J]udicial economy as well as efficiency for the litigants dictate that contention interrogatories are more appropriate after a substantial amount of discovery has been conducted"); Conopco, Inc., at *5 ("[T]he Court concludes that contention interrogatories should be answered after further discovery has been completed"); Leski, Inc. v. Federal Insurance Co., 129 F.R.D. 99, 107 (D.N.J. 1989)("Since the parties to this action are just, at this time, overcoming major discovery obstacles, Leski's motion to compel answers to the contention interrogatories is premature. These answers may be more fully set forth by the defendants after discovery has proceeded in this matter").

The Court is convinced that the short delay in plaintiffs answering interrogatories 5-8 is the best and most efficient way to proceed. Delaying the answers will avoid unnecessary disputes which are bound to occur concerning the sufficiency of the answers, the scope of future discovery, and other issues. Further, the Court is hard pressed to see how defendants will benefit from prompt answers. Based on past experience the Court expects that if plaintiffs are required to promptly answer defendants' contention interrogatories they will simply

regurgitate what has already been extensively set forth in their second amended complaint and briefs. If defendants want to receive immediate answers under oath they may question plaintiffs at their depositions. There is nothing barring defendants from immediately taking plaintiffs' depositions rather than waiting until after plaintiffs' discovery responses are produced in March 2016. See Doc. No. 104 at ¶2.[2] Defendants argue they are interested in understanding "how Plaintiffs interpreted specific marketing they were exposed to … and how that led them to [their] conclusion." LB at 3. This inquiry is particularly suited to deposition questions rather than interrogatories.[3]

[2] Earlier in the case the Court denied defendants' request for "limited preliminary depositions prior to extensive discovery." Doc. No. 95 at ¶1. Defendants requested the "limited" depositions of plaintiffs in order to clarify plaintiffs' claims so that discovery could be limited. Defendants' request was made without prejudice to their right to complete plaintiffs' depositions at a later time. Not surprisingly, plaintiffs' request for "limited depositions" was denied. Since Chief Judge Simandle's August 3, 2015 Opinion meticulously analyzed plaintiffs' amended complaint and identified the viable claims, there was no need to "clarify" plaintiffs' claims. As is obvious, the scope of discovery is largely framed by the claims remaining in the case. Fed. R. Civ. P. 26(b)("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

[3] To be sure, the Court is not ruling that in all cases answers to early contention interrogatories should be deferred. The issue needs to be analyzed on a case-by-case basis and is necessarily dependent on the peculiar factual circumstances before the Court. It is not surprising, therefore, if defendants cite cases where early answers were required. Indeed, the

None of defendants' arguments are convincing. There is no special rule for answering contention interrogatories in false advertising, Consumer Fraud Act or Lanham Act cases. Further, the Court discounts defendants' hyperbole that the Court's ruling shifts the burden of proof to them "to substantiate their own advertising." LB at 2. In addition, the Court fails to see how prompt answers to interrogatories 5-8 will assist defendants since defendants already know plaintiffs' contentions. Conopco, Inc. at *4. ("The party serving the [contention] interrogatories must prove how discovery is benefited by an earlier answer"). Unlike most cases, an extensive record already exists of plaintiffs' contentions. That is why the Honorable Chief Judge Jerome B. Simandle wrote in his recent Opinion that plaintiffs' second amended complaint, "provides greater clarity as to the nature of Plaintiffs' claims." In re Riddle Concussion Reduction Litigation, ___ F. Supp. 3d ___, 2015 WL 4640425, at *6 (D.N.J. Aug. 3, 2015). The Opinion also noted that plaintiffs clarified "the precise substance of the alleged misrepresentations which gives rise to [Plaintiffs] claims[]." Id. at *7 (citation and quotation omitted). And, that defendants are on notice of the "precise misconduct which [they are] charged." Id. (citation and quotation omitted). Chief Judge Simandle's Opinion belies

Court's rulings on December 17, 2015 reflect this fact. The take away is that no blanket rule applies to whether early contention interrogatories should or should not be deferred.

defendants' argument that they do not now know the precise nature and substance of plaintiffs' contentions.[4]

Conclusion

In sum, therefore, for the reasons discussed,

IT IS hereby ORDERED this 6th day of January, 2016, that defendants' motion asking the Court to reconsider its December 17, 2015 ruling as to interrogatories 5-8 is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

[4] Of course, at this stage of the case plaintiffs do not have to prove their allegations. Moreover, plaintiffs' allegations may change based upon the discovery in the case. This is hardly a surprise to the parties.