# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**

**PARSIPPANY, NJ 07054**

(973) 503-5900

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(973) 503-5950
www.kelleydrye.com

JOSEPH A. BOYLE
DIRECT LINE: (973) 503-5920
EMAIL: jboyle@kelleydrye.com

February 8, 2016

**VIA ECF**

Hon. Joel Schneider
United States District Court
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    Re: *In Re Riddell Concussion Reduction Litigation*
       1:13-CV-07585 (JBS)(JS)
       <u>Joint Letter re: ESI Terms and Custodians</u>

Dear Judge Schneider:

  This letter serves as the joint letter on the parties agreed-upon protocols for ESI search terms and custodians, and the few remaining disputes, as directed by your Order of January 29, 2016. Dkt. No. 122, ¶ 2.

  I. **Defendants' Search and Collection of ESI**

    a. **Search Terms**

  The Parties are in agreement that Defendants shall use the search terms reflected in Exhibit A for their search and collection of ESI.

  As the Parties informed the Court during the proceedings held January 28, 2016, Defendants agreed to work with the revised set of 24 search terms which Plaintiffs proposed on January 27, 2016, with the understanding that if any of the terms (collectively or individually) resulted in an excessive amount of search results, the Parties would work in good faith towards tailoring the terms to reach a more reasonable and proportional set of documents for review. The Parties have continued that process in good faith, and there remains one term that the Parties are working to appropriately tailor. *See* Exh. A, ¶ 3 (reflecting Plaintiffs' latest proposed change made February 8, 2016).

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
January 15, 2016
Page Two


Defendants continue to reserve the right to negotiate the tailoring of terms in good faith (including the one remaining term which the Parties continue to negotiate) if the addition of new custodians listed in Exhibit B or other circumstances result in an excessive and overly burdensome number of documents to be reviewed.

Plaintiffs' position: Plaintiffs are in agreement with the above, including the continued negotiation on the remaining term, and note that this initial list of terms is based upon the information currently available to Plaintiffs. Plaintiffs have, for example, requested additional basic information the Defendants have thus far refused to provide, such as the names of any third party consumer testing or marketing company that worked on developing or disseminating the claims at issue. Thus, Plaintiffs expressly reserve the right to add additional terms if additional relevant information regarding appropriate search terms becomes available.

   b. **Custodians**

The Parties are in agreement that Defendants will search the ESI of the 22 custodians attached hereto as Exhibit B.

Defendants' investigation did not uncover any additional custodians who are likely to have relevant, non-cumulative information.

Plaintiffs' position: Plaintiffs have also requested that Defendants provide the starting date of employment for all potential custodians identified in Exhibit B, except for the six sales representatives, the 2 regional sales managers, and Patrick Chase. Defendants have agreed to provide this information. Plaintiffs proposed that, if there was an individual employed in the same or similar role, between 2000 and the beginning date of employment of an already identified custodian, then Defendants will identify and include them as a custodian. Defendants have not agreed to include these prior employees as custodians and this issue remains in dispute. Notably, Defendants have not articulated any particular burden as to why these former employees should not be custodians nor have they stated that they do not have relevant information. Plaintiffs therefore request and order from the Court instructing Defendants to include this additional information.

  II. **Plaintiffs' Search and Collection of ESI**

   a. **Search Terms**

The Parties are in agreement that Plaintiffs shall use the search terms reflected in Exhibit C for their search and collection of ESI.

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
January 15, 2016
Page Three

      The Plaintiffs will first attempt to use the first four search strings identified therein, and to the extent any of Plaintiffs' data systems do not permit using search strings and root expanders, Plaintiffs' counsel will specify which data system lacks that capability and will agree to use the alternative terms set forth in Exhibit C.

      b. **Custodians**

      Plaintiffs' latest proposal for the ESI custodians that they will search is attached hereto as Exhibit D. While Defendants agree that these custodians must be searched, Defendants do not believe this list is sufficient based upon the information provided by Plaintiffs.

      i. **Defendants' Position**

      Defendants respectfully request the Court to order Plaintiffs to: (1) identify (by name) and search the ESI of Plaintiffs' family members who were involved in the purchasing decision and/or used the Riddell helmets at issue; and (2) explain in writing what roles Defendants' additional proposed ESI custodians listed in Exhibit D had in their respective organizations and whether they had any involvement in the purchasing decisions or other issues related to the case.[1]

      On February 5, 2016, Plaintiffs' counsel represented that they will "search individual Plaintiffs and their family members that have knowledge." Although asked repeatedly, Plaintiffs have yet to disclose who these "family members that have knowledge" are. Instead, Plaintiffs have offered only equivocal statements like the above.

      In addition, on January 29, 2016, Defendants asked for 6 specific ESI custodians from Plaintiff Alliance Youth Sports Association and 7 specific ESI custodians from Cahokia School District to be included in Plaintiffs' ESI search. Defendants compiled this list in good faith based on an investigation of publicly available records, and even provided these individuals' known titles and positions to Plaintiffs.[2] On February 5, 2016, Plaintiffs rejected 10 of these proposed custodians, offered only 5 with a brief note that only these individuals "will have the most if not all, of the relevant data requested." *See* Exhibit E. Defendants have asked for an explanation in writing why the other 10 custodians are not appropriate custodians for the ESI search. *See id.* at 2. On February 8, 2016, Plaintiffs' counsel provided an equivocal response, stating only that "we do not currently believe that the additional ESI custodians of the

---

[1]     Upon Plaintiffs' demand, Defendants have provided this information to Plaintiffs for Defendants' own ESI custodians. Defendants are simply asking Plaintiffs do the same.

[2]     Defendants served deposition notices for many of these same individuals about a month ago, on January 13, 2016, thus putting Plaintiffs on notice of potentially relevant custodians for their ESI search.

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
January 15, 2016
Page Four

institutional plaintiffs proposed by Defendants … have information responsive to Defendants' document requests." *See id.* at 1.

Defendants are simply requesting Plaintiff to do what they themselves demanded of Defendants – a writing that explains, beyond mere conclusory statements, why certain custodians may or may not be likely to have discoverable information.

### ii. **Plaintiffs' Position**

Defendants identified an additional ten (10) custodians combined for the two institutional Plaintiffs but Plaintiffs responded that the custodians named in Exhibit D are those with most, if not all, of the relevant data.  Defendants demand that all of the custodians they propose must be searched despite Plaintiffs representations to the contrary and this issue therefore remains in dispute.  Plaintiffs note that they have not insisted on including as custodians anyone whom Defendants have represented would not have responsive information, and therefore Defendants' position on this issue is without foundation. Defendants' argument that they "are simply requesting Plaintiff to do what they themselves demanded of Defendants" is not accurate because Defendants did not provide the detailed information they now seek.  Instead, in response to Plaintiffs' list of proposed custodians for Defendants, the response by Defendants to several of the proposed custodians was simply that "they were not related to the football helmet business." Plaintiffs have made similar representations and Defendants demand for more is unnecessary at this time.

Defendants have also requested the names of all the family members of Plaintiffs with potentially relevant ESI whose email should be searched, but Defendants have not provided any basis for these additional custodians and Plaintiffs have articulated that they will provide all relevant and reasonably accessible information pursuant to the applicable Rules.  Plaintiffs do not believe that identifying family members by name is appropriate or necessary at this time and is intended to harass Plaintiffs' family members.

                    Respectfully submitted,

                    */s/ Joseph A.  Boyle*
                    Joseph A. Boyle

cc: All Counsel via ECF