# WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
Advocates & Litigators

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
DENNIS G. PANTAZIS
TERRILL W. SANDERS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
JOSHUA D. WILSON
RACHEL LEE McGINLEY
DANIEL E. ARCINIEGAS
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
D. PATRICK EVANS
LACEY DANLEY

TIMOTHY B. FLEMING*
MELINA GOLDFARB
SANDRA DUCA-DETTLING
PATRICIA FRALEY
OF COUNSEL
Not Licensed In Alabama*

April 11, 2016

Honorable Joel Schneider
Magistrate Judge
United States District Court
Mitchell H. Cohen Building and
United States Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

Re: *In Re Riddell Concussion Reduction Litigation*
1:13-CV-07585 (JBS)(JS)

Dear Judge Schneider:

This letter is to advise the Court of the remaining discovery disputes known at this point, as directed in Doc. 122. Accompanying this letter, and attached hereto as Exhibit A, is an Affidavit signed by Plaintiffs' counsel in an effort to comply with L. Civ. R. 37.1(b)(1). Plaintiffs have made clear to Defendants that their delayed production, and the method of production, has limited the amount of review Plaintiffs have been able to accomplish prior to the upcoming hearing. The following are the disputes listed in more detail, as previously discussed with the Defendants:

1. Defendants' written response to Plaintiffs' Amended Requests for Production does not identify which responsive documents have been produced. We are unable to ascertain from the large volume of documents produced to date which documents are responsive to a particular request. Defendants' written responses should include which documents produced are responsive to a particular request. Without such specificity, Plaintiffs cannot determine which documents respond to which request, nor can they determine whether Defendants' production is sufficient and fully responsive to Plaintiffs' requests.

2. Defendants' response to Interrogatory No. 4 is deficient and intentionally evasive. This interrogatory requests Defendants to, "Identify all manufacturing and sales channels which resulted in sales of Helmets in the United States since 2002." Defendants' response references, generally, "institutional

April 11, 2016
Page 2

customers," "websites" purchasers, "third-party retailers" and "smaller third-party regional retailers" without specifically identifying any such person or entity by name, address, and telephone number as the term "identify" is defined in the "definitions" preceding the interrogatories.

      3. Defendants' response to Plaintiffs' Interrogatory No. 9 is deficient in that it fails to "identify" the "person or persons who developed the term 'concussion reduction technology' (CRT)" and "who decided to use the term CRT in conjunction with the marketing and advertising of the Helmets." Not even one name is stated.

      4. Plaintiffs' Interrogatory No. 11 requests Defendants to "Identify the ten (10) largest retailers and distributors by sales, for each year from 2007 to the present, to whom the defendants have sold Helmets, including the name, location and dollar sales volume." Defendants identify only "two (2) national retailers: the Sports Authority and Dicks Sporting Goods." Defendants failed to identify any "distributors", but chose to limit their response to "two national retailers." This response appears to be insufficient, as it seems unlikely that Riddell helmets are sold and distributed through only two national retailers that Defendants selected to identify.

      5. The documents produced as part of other litigation involving Riddell's helmets and concussions is insufficient. Particularly, documentation from the litigation titled *Riddell, Inc. v. Schutt Sports, Inc.*; *Ridolfi v. Begano;* and MDL-2323 *In Re: National Football League Players' Concussion Injury Litigation* is almost non-existent. Defendants should produce all documents produced in these lawsuits, along with any sworn statements and any deposition transcripts of all parties and experts. The testimony in those lawsuits is information that could save great time and expense if simply produced by the Defendants, as the documents and data already produced in those cases should be readily available.

      6. The production is lacking in documents that exist from 1998-2002 involving the genesis of the Revolution helmet. Namely, there are only a handful of reports generated from Biokinetics to Riddell. It is clear from the production that Biokinetics, the NFL, and Riddell exchanged memos and reports regarding the creation of the helmets. Moreover, there are almost no documents whatsoever from Dan Kult, who appears to be the Riddell representative who consulted with Biokinetics and the NFL (if there is another individual yet to be identified who served in that role, then all documents exchanged with him should also be produced). Defendants need to produce all documents in its possession that reflect the origins of the technology involved in the helmets. They clearly have not done so. This is a particularly troubling issue because Defendants never once mentioned Dan Kult as an employee who possessed information relevant to this case. If Defendant chose not to identify Mr. Kult, it is somewhat worrisome as to what else they have not chosen to produce and/or identify.

April 11, 2016
Page 3

       7. It is also apparent that Defendants have not produced any documents that are not electronically stored. The ESI Agreement does not supersede Defendants' obligation to produce hard copy documents if in their possession and responsive to propounded discovery requests. As no such documents have been received, it is hard to fathom that Defendants do not have any in their possession. Accordingly, Defendants should produce responsive documents.

       8. Defendants have produced roughly 30,000 documents so far. Plaintiffs have been able to index a decent portion of the documents, but considering the written responses to the Requests for Production, and the final installment of documents that were not produced until April 1, 2016, Plaintiffs are still identifying problems with the production. Plaintiffs request that the Court allow time for further review so that Plaintiffs can identify additional deficiencies in Defendants' responses to Plaintiffs' discovery requests. Plaintiffs believe this to be necessary because it is already apparent that (1) Defendants' document production is incomplete; (2) a large volume of documents was produced within just the past two (2) weeks; and (3) Defendants have failed to identify which documents are responsive to which discovery requests.

The Plaintiffs look forward to discussing these issues in more detail at the hearing this upcoming Thursday.

                                                 Sincerely,

                                                 D.G. Panzazis, Jr.

DGPJr/tbt
cc: All Counsel of Record (via electronic filing)