**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT

BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

ONE JEFFERSON ROAD

**PARSIPPANY, NJ 07054**

(973) 503-5900

FACSIMILE
(973) 503-5950
www.kelleydrye.com

JOSEPH A. BOYLE
DIRECT LINE: (973) 503-5920
EMAIL: jboyle@kelleydrye.com

April 11, 2016

**VIA ECF**

Hon. Joel Schneider
United States District Court
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

   Re: *In Re Riddell Concussion Reduction Litigation*
      1:13-CV-07585 (JBS)(JS)
      <u>Defendants' Letter re: Discovery Issues in Dispute</u>

Dear Judge Schneider:

  Pursuant to your Order of January 29, 2016 (ECF No. 122, ¶ 4), Defendants respectfully submit this letter identifying outstanding discovery disputes.   Accompanying this is Defendants' Affidavit of compliance with Local Civil Rule 37.1(b)(1) ("Lynch Affidavit" or "Lynch Aff.").

  **I.** **<u>Plaintiffs' Discovery Deficiencies and Failures</u>**

  The Court's discovery orders, including the February 9, 2016 Order, directed all Plaintiffs to respond to Defendants' First Set of Interrogatories, amended and approved by the Court, by March 1, 2016, and to produce all documents responsive to Defendants' First Set of Requests for Production, also amended and Court-approved, by March 15, 2016.  As explained below, there are critical and glaring deficiencies with each of the named Plaintiffs' interrogatory answers and/or document productions, which Plaintiffs have refused to rectify.  Moreover, none of the Plaintiffs have produced a privilege log to date and many of the named Plaintiffs have not produced a single responsive document.

  Defendants respectfully request that the Court enter an order: (1) compelling all Plaintiffs to supplement and cure the deficiencies in each of the incomplete interrogatory answers identified below by April 22, 2016; (2) directing all Plaintiffs to produce a privilege log that complies with the Federal Rules and stipulated order on ESI (ECF No. 103) by April 22, 2016; and, (3) directing Plaintiffs Douglas and Denise Aronson (New Jersey Plaintiffs), Gustavo

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Two

Galvan (California Plaintiff), Nicholas Farrell (Florida Plaintiff), Norma Thiel (New Jersey Plaintiff), and Cahokia School District (Illinois Plaintiff) to each provide a detailed explanation of the steps undertaken to preserve, search for, collect and produce potentially relevant documents and responsive information by April 22, 2016.

### A.   Plaintiffs' Deficient Interrogatory Answers

When the Parties appeared before the Court on November 5, 2015, December 17, 2015, January 28, 2016, Defendants had seen only the bare bones allegations of false advertising contained in the Complaint.  As such, Defendants' First Set of Interrogatories, comprising 12 interrogatories that were approved by the Court, sought among other things, information as to the model and product code of the helmets allegedly purchased (Interrogatory # 1), what advertisement or statement each Plaintiff read and saw specifically for the helmet they purchased (Interrogatory # 4), what other helmet models and brands specifically were considered (Interrogatory # 9), how Plaintiffs arrived at their damages claim and the $50 premium alleged in the Complaint (Interrogatory # 10), and any specific communication or material that influenced each Plaintiffs' alleged purchase (Interrogatory ## 14, 15, 20).

Plaintiffs' interrogatory answers to these questions lack any details and remain equally as vague and conclusory as the allegations in the Complaint, and in some instances, appear to contradict the allegations in the Complaint, as follows:

- California Plaintiff (Galvan) fails to sufficiently answer Interrogatory ## 1, 3, 4, 10, 14, 20 and 24.  California Plaintiff fails to disclose the product code, fails to specify the manner of purchase, the content of the internet or packaging information he allegedly saw and when, how he arrived at the price premium of $50 and/or why he is entitled to full refund, communications with the retailer from whom he purchased the helmets, and the lawsuit where he served as a class representative.  A copy of this Plaintiff's interrogatory responses is attached to the Lynch Affidavit as Exhibit 2.

- Florida Plaintiff (Farrell) fails to sufficiently answer Interrogatory ## 1, 2, 3, 4, 9, 10, 20, and 25.  Florida Plaintiff fails to disclose the product code, the location of purchase, the statement and content on the internet websites he allegedly visited and when, what other helmet models he considered purchasing, how he arrived at the price premium of $50, the communications with the coach or school from whom he purchased the helmets, and purchase details.  In fact, Florida Plaintiff's allegations in the Complaint that he purchased Riddell helmet in September 2010 for $250 through a "magazine" is at odds with his interrogatory answer that he

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Three

purchased a Riddell Revolution Speed helmet in April/May 2012 through "his high school football coach." A copy of this Plaintiff's interrogatory responses is attached to the Lynch Affidavit as Exhibit 3.

- New Jersey Plaintiffs (Aronsons) fail to sufficiently answer Interrogatory ## 1, 4, 9, 10, 14, 15, and 20. Like others, New Jersey Plaintiffs here fail to disclose the product code, the statement and content on the internet websites they allegedly visited and when, the specific statements made by the alleged Riddell representative and when and where they spoke, how they determined the "price premium paid" or what the premium was. A copy of these Plaintiffs' interrogatory responses is attached to the Lynch Affidavit as Exhibit 1.

- New Jersey Plaintiff (Thiel) fails to sufficiently answer Interrogatory ## 1, 4, 9, 10, 14, 15, 20 and 25. New Jersey Plaintiff here fails to disclose the product code, the content of the YouTube video alluded to, and where and when she saw the video, the other helmet models that were considered or were provided "free of charge," the factual bases for her damages, and the details of the communications between any Riddell representative and her son regarding the purchase of the helmet. A copy of this Plaintiff's interrogatory responses is attached to the Lynch Affidavit as Exhibit 4.

- Illinois Plaintiff (Cahokia School) fails to sufficiently answer Interrogatory ## 1, 2, 3, 4, 9, 10, 14, 15, and 20. Illinois Plaintiff fails to detail any advertisement or statement or materials that it or its employees saw, received or viewed, or which employee of Illinois Plaintiff saw or viewed such statement. Illinois Plaintiff alludes to coaching clinics and trade shows of unspecified time and location, without pointing to any specific statements or representations made by Riddell representatives at such events. Illinois Plaintiff fails to identify other helmet models it considered purchasing, their prices, and how it arrived at the $50 price premium. Illinois Plaintiff also seeks disgorgement for "helmet refurbishing," a claim which is not alleged in the Complaint. A copy of this Plaintiff's interrogatory responses is attached to the Lynch Affidavit as Exhibit 5.

- Arizona Plaintiff (Alliance Youth) fails to sufficiently answer Interrogatory ## 4, 9, 10, 14, 15, 20, 23 and 25. Arizona Plaintiff fails to detail any advertisement, statement or materials that it or its employees saw, received or viewed, or which employee of Arizona Plaintiff saw or viewed such statement. Arizona Plaintiff alludes to "catalogs" and representations and "formal and informal demonstrations" by Riddell representatives at clinics, but fails to detail the content

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Four

>of the representations. Arizona Plaintiff fails to identify other helmet models it considered or their available prices, and how it determined that Riddell helmets (unspecified models) cost $30 to $50 more. Arizona Plaintiff fails to disclose which employees communicated with Riddell, or which employees provided information to answer the interrogatories. A copy of this Plaintiff's interrogatory responses is attached to the Lynch Affidavit as Exhibit 6.

*See* Lynch Aff., Exs. 12 & 16.

Rather than correcting these deficiencies, Plaintiffs' told Defendants by letter on April 8, 2016 that they can get the missing information at depositions. *See* Lynch Aff., Ex. 15. Plaintiffs' refusal to address and supplement these deficient answers is improper, inexcusable and prejudicial to Defendants. During the December 17, 2015 hearing, for example, the Court specifically ordered that "defendant is entitled to a general explanation about how you got to the $50." None of the Plaintiffs' interrogatory answers attempt to provide even an explanation of this alleged premium.

Defendants respectfully request that the Court order each of the named Plaintiffs to supplement and cure the deficiencies in each of the incomplete interrogatory answers identified above by no later than April 22, 2016. Plaintiffs have been afforded multiple opportunities to provide the basic details underlying their claims.

### B.   Plaintiffs' Document Production Failures

Defendants' First Amended Requests for Production contains 41 document requests. The Parties also engaged in a lengthy meet and confer process to finalize the search for ESI custodians and search terms. Defendants have complied with the terms of the agreed-to and Court-ordered ESI searches. Plaintiffs have not.

New Jersey Plaintiffs (Denise and Douglas Aronson), California Plaintiff, and Florida Plaintiff have produced *zero* documents to date. New Jersey Plaintiff (Thiel) has produced a meager 11-pages, most of which have nothing to do with this lawsuit. Illinois Plaintiff (Cahokia School District) has produced a mere 97-pages nearly all of which appear to consist of email auto-alerts generated after Illinois Plaintiff joined this lawsuit in May 2014. *See* Lynch Aff., ¶ 4. There is also no indication that Plaintiffs searched the relevant ESI custodians required to be searched for Cahokia.

In short, none of these Plaintiffs have produced any proof of purchase, any product packaging, or any advertisements or statements they allegedly saw and relied upon in making their purchases. These materials and documents are critical to Plaintiffs' claims and allegations

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Five

in the Complaint. To the extent Plaintiffs contend that such information existed but are no longer in Plaintiffs' possession, custody or control, Defendants are entitled to an explanation of the steps undertaken by Plaintiffs or their counsel to preserve, search for, collect and produce responsive ESI and documents.[1] To the extent there any documents withheld on privilege grounds, Plaintiffs are required to produce a privilege log for each named Plaintiff that complies with the Federal Rules. Each Plaintiff's explanation should disclose the types of files, folders and locations that were preserved, collected and searched, the email accounts and ESI that were searched and the ESI collection process, how the agreed-upon and Court-ordered ESI search terms (ECF No. 133, Ex. C) were applied to retrieve potentially responsive emails from Plaintiffs, and who conducted the hard copy and ESI searches.

### II. Plaintiffs' Alleged "Issues" Concerning Defendants' Discovery Responses

On April 8, 2016, Plaintiffs sent a letter alleging for the first time that Defendants' answers to Plaintiffs' amended interrogatories were incomplete and that Defendants' document productions – which included over 30,000 documents, comprising almost 150,000 pages – were somehow "lacking." *See* Lynch Aff., Ex. 18.

Defendants respectfully request that the Court deny any request for relief on the alleged "issues" raised in Plaintiffs' April 8, 2016 letter.

First, Defendants' interrogatory answers were timely served on March 1, as the Court ordered. Plaintiffs waited *over five weeks* to raise any alleged deficiencies with Defendants' answers and even then have failed to engage with Defendants in any meaningful way. Rather, Plaintiffs provided a letter on the last business day before all discovery issues had to be identified to the Court, purporting to identify deficient interrogatory responses and vague objections to Defendants' document productions. Accordingly, Plaintiffs have failed to comply with their Local Rule 37.1(b) obligation to meet and confer. ECF No. 122, at ¶ 4 ("No issues will be addressed unless the letter is accompanied by an Affidavit that complies with L. Civ. R. 37.1(b)(1)").

---

[1] *See Susquehanna Commer. V. Vascular Res.*, 09-cv-2012, 2010 U.S. Dist. LEXIS 127125, *14 (M.D. Pa. Dec. 1, 2010)(finding Plaintiffs' meager production of documents "raised substantial questions regarding the quality of the search that was undertaken for requested documents, simply by virtue of the fact that so little has been produced" and directing plaintiff "to undertake further steps in an effort to locate and identify additional responsive documents" or "to explain to the Court in greater detail, and under oath, the process Plaintiff used to attempt to locate and identify documents that may be responsive to Defendants' requests").

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Six

      Moreover, as explained below, each of the alleged issues raised by Plaintiffs in their belated April 8, 2016 letter is devoid of merit.  For example:

1. Plaintiffs demand that Defendants' written responses to Plaintiffs' document requests should specify which of the more than 30,000 documents are responsive to the various document requests.  This request is designed simply to burden and harass Defendants at this time, and is not required by anything in the Federal Rules.  Indeed, Defendants have produced their hard copy documents as maintained in the ordinary course of business.  Defendants have produced their electronic documents in a manner that is reasonable accessible and in accordance with the stipulated order on ESI.  Defendants have complied with their obligations under Rule 34(b)(2) and no further supplementation is needed or required.

2. In response to Plaintiffs' Interrogatory No. 4, Defendants identified the "channels" that "resulted in the sales of HELMETS in the United States since 2002."  Plaintiffs demand for the "names, addresses, and phone numbers" of Defendants' customers is not stated anywhere in the Interrogatory itself and has rightly been denied by the Court as premature and burdensome.  *See* ECF No. 105 (December 17, 2015 Hearing Tr.), at pp. 84-87.  "[C]hannels" are not an individual person, organization, corporation or association whose name, address, or phone number could be identified.

3. Defendants have also answered Plaintiffs' Interrogatory No. 9 and Plaintiffs' demand Defendants to supplement that answer to specifically identify the "person or persons" who developed the term CRT.  Defendants' answer provides that "CRT" was a "collaborative effort between Riddell's employees with primary responsibility for marketing and advertising" and "employees with primary responsibility for research and product development," and was not developed by any one person.  Defendants' interrogatory answers also disclose the Riddell employees with primary responsibility over advertising, marketing, research and product development (Interrogatory Answer ## 7 and 20).

4. Plaintiffs complain that Defendants' response to Interrogatory No. 11 is "incomplete" because "it appears that Riddell helmets are sold and distributed through more than the two national retailers that Defendants selected to identify."  Plaintiffs' Interrogatory No. 11 requested Defendants to identify the "ten (10) largest national retailers and distributors by sales, for each year from 2007 to the present…."  In response, Defendants identified and provided sales information for Dick's Sporting Goods and The Sports Authority, which were the only two national retailers and distributors that Defendants transacted with during that time

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Seven

period.  To the extent Plaintiffs now demand the sales information for all retailers and distributors, whether national or regional or local, that is not the interrogatory that Plaintiffs posed.  Defendants have fully answered the interrogatory that has been posed.

5. Plaintiffs demand documents produced in other lawsuits where Riddell is a party or defendant.  First, Plaintiffs' amended document requests do not call for Riddell's document productions in these other lawsuits.  Moreover, to the extent there are documents produced in these litigations responsive to Plaintiffs' requests, they would have been searched for and produced to Plaintiffs the extent they are in Defendants' possession, custody or control and not otherwise subject to confidentiality orders governing those cases.[2]

6. Plaintiffs demand documents from 1998 to 2002 regarding the "genesis of the Revolution helmet."  Defendants have produced the patents and patent application regarding the technology and have conducted a reasonable search for documents in their possession, custody or control relating the development of the Revolution helmet.  Defendants cannot produce documents in the custody and control of third-parties such as Biokinetics.  Defendants further note that they have searched the files and produced documents from Riddell employees that regularly consulted with Biokinetics, including Thad Ide.

7. Plaintiffs' contention that Defendants have not produced "any documents that are not electronically stored" is patently false.  Many of the documents in the FTC production and included in the March 15 and April 1 productions were hard copy documents that were "scanned" into a production-compliant format.  Plaintiffs' counsel fails to appreciate the distinction between "electronically stored information" (ESI) and hard-copy documents collected and "electronically processed" for production.

8. Plaintiffs also purport to reserve the right to identify additional deficiencies.  This reservation is improper and defies the Court's orders.  *Id*., at ¶ 4 ("All outstanding discovery issues not raised shall be deemed waived").  Plaintiffs' only excuse for belatedly seeking this relief from the Court's scheduling order is that Defendants produced about 1,250 documents on April 1.  Plaintiffs were notified in advance

---

[2] Defendants' notified Plaintiffs awhile back that the non-confidential; deposition transcripts from the *Riddell v. Schutt* litigation were available on the court docket, and that to the extent any confidential information of the parties to that case were sought, they would need to be requested in accordance with to the terms of the protective order in that case.  Plaintiffs' counsel has not made any specific requests for confidential deposition transcripts.

**KELLEY DRYE & WARREN LLP**

Hon. Joel Schneider
April 11, 2016
Page Eight

and consented to this two-week request for extension for Defendants to finalize their discovery production and privilege log.  More to the point, Plaintiffs have been in possession of Riddell's core production of almost 13,000 documents since January 29 and an additional 16,500 documents - including Riddell's ESI production - since March 15, pursuant to the Court's schedule.  There is no basis to reward Plaintiffs for their dilatory conduct.

### III. Issues with Plaintiffs' Exchange of Proposed Deponents

On April 7, 2016, Plaintiffs served their list of proposed deponents identifying eight Riddell sales representatives but failing to specify any other deponents by name.  *See* Lynch Aff., Ex. 19.  Instead, Plaintiffs requested depositions of "all individuals who will be designated as the Defendants' corporate representatives," "multiple third parties," and "former employees." *See id.* Plaintiffs also seek additional time to identify proposed deponents without proper cause. *See id.* On April 8, 2016, Defendants responded and objected to this disclosure.  *See* Lynch Aff., Ex. 20. Plaintiffs have had more an ample time to identity proposed deponents.

Defendants respectfully request that Court deny Plaintiffs' request for additional time to identify proposed deponents and/or depose any persons not identified by name in Plaintiffs' April 7, 2016 letter.

Respectfully submitted,

*/s/ Joseph A. Boyle*_____

Joseph A. Boyle

cc: All Counsel via ECF