# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

CHARLES C. CARELLA
BRENDAN T. BYRNE
PETER G. STEWART
ELLIOT M. OLSTEIN
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

JAMES D. CECCHI (1933-1995)
JOHN G. GILFILLAN III (1936-2008)
ELLIOT M. OLSTEIN (1939-2014)

JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT

**5 BECKER FARM ROAD**
**ROSELAND, N.J. 07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

RICHARD K. MATANLE, II
FRANCIS C. HAND
AVRAM S. EULE
RAYMOND W. FISHER
_____
OF COUNSEL

RAYMOND J. LILLIE
WILLIAM SQUIRE
ALAN J. GRANT°
STEPHEN R. DANEK
DONALD A. ECKLUND
MEGAN A. NATALE
ZACHARY S. BOWER+
MICHAEL CROSS
CHRISTOPHER J. BUGGY
JOHN V. KELLY III
°MEMBER NY BAR ONLY
+MEMBER FL BAR ONLY

September 13, 2016

**VIA ECF**

Hon. Joel Schneider, U.S.M.J.
Mitchell H. Cohen U.S. Courthouse, Room 2060
1 John F. Gerry Plaza, 4th & Cooper Streets
Camden, New Jersey 08101

      Re: *In Re Riddell Concussion Reduction Litigation*
           **Civil Action No. 13-07585 (JBS) (JS)**

Dear Judge Schneider,

      As you know, this firm together with co-counsel represents Plaintiffs in the above captioned matter. We write regarding a recent subpoena duces tecum issued by Defendants on DePaul Catholic High School ("DePaul"). As Defendants realize, the claims and challenges brought by Plaintiffs relate to the Revolution Helmets and seek damages for consumer harm, not personal injury. Nonetheless, the subpoena purports to require DePaul to produce documents concerning other helmets, attendance records, medical information, employment records of Plaintiff Doug Aronson, and other documents that have no possible bearing on class certification. These documents are not relevant.[1]

      By way of background, the parties previously discussed with Court, in the wake of several meet and confers consistent with Your Honor's direction, the appropriateness of various subpoenas Plaintiffs sought to serve. As a result of that process, and in light of the Court's guidance, Plaintiffs narrowed the breadth and scope of their subpoenas. Conversely, during those discussions, Defendants consistently took a narrow view of discovery, remaining unwilling to agree to a single additional subpoena. Your Honor resolved the remaining issues on those third party subpoenas at the June 8 Hearing. Now, more than three months later, Defendants take the opposite view, and have served an overly broad subpoena without any prior notice to Plaintiffs or

---

[1] Plaintiffs respectfully request that the Court extend the date for DePaul's production of documents in response to the subpoena by three weeks so that DePaul has sufficient time to raise any objections, and so that the Court has time to consider any motion to quash before the deadline for compliance.

Hon. Joel Schneider, U.S.M.J.
September 13, 2016
Page 2

the Court, and outside the time period contemplated for subpoena with class certification discovery set to close on September 30.

Specifically, on Friday, September 9, 2016, Defendants served a Third Party subpoena on DePaul Catholic High School, attached hereto as Exhibit A (the "DePaul Subpoena"). The DePaul subpoena seeks, *inter alia*, "All DOCUMENTS" regarding: (i) Doug Aronson's employment with DePaul, including salary, wages, non-monetary compensation and job responsibilities (requests 8, 9); (ii) concussions suffered by Massimo and Nico Aronson including the actual injury reports (request 11)[2]; (iii) DePaul's reasons for purchasing any football helmet for a six year period and all bank records and board resolutions related thereto (requests 1, 2); (iv) marketing and sales material received by DePaul from *other* helmet manufacturers (requests 3, 4); and (v) actions taken by DePaul in connection with Riddell's patent litigation with Schutt (request 7). These requests are improper.

It is also ironic that Defendants seek extensive information from DePaul, yet have resisted discovery throughout this action. Rule 45 provides that a party serving a subpoena must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Defendants have taken no such steps to avoid burdening DePaul. On its face, none of the information sought in the DePaul Subpoena is relevant to whether the claims at issue are appropriate for class treatment. For example, any benefits received by Mr. Aronson, and the amounts thereof, have no bearing on whether the claims here are appropriate for certification. Similarly, whether any purchaser of the Revolution Helmets, including Nico and Massimo Aronson, suffered a concussion while wearing a Revolution Helmet is irrelevant because this is not a personal injury case. Indeed, each of the requests seeks information that is not related to any of the causes of action asserted. Quite simply, Defendants are engaging in the quintessential fishing expedition in their quest to invent individual issues when in fact, none exist.

The requests are also not proportional - they would require a third party to undergo an extensive search and production with very little, if any, attenuated evidentiary benefit. These requests also improperly seek the private financial information of Mr. Aronson and the private health information of Massimo and Nico Aronson, all of which is far afield from any relevant issue and none of which is relevant to the false marketing claims here. Clearly, Defendants have returned to their earlier view of discovery and again seek to harass and intimidate Plaintiffs. As such, and because none of the requests in the DePaul Subpoena are even tangentially related to class certification issues, the DePaul Subpoena should be immediately withdrawn by Defendants or quashed by the Court.

---

[2] This information is private and protected health information that has not been placed at issue in this action. Plaintiffs have never alleged personal injury claims.

A PROFESSIONAL CORPORATION

Hon. Joel Schneider, U.S.M.J.
September 13, 2016
Page 3

      Thank you for your continued attention to this important matter, and we are available at the Court's convenience should further discussion on this issue become necessary.

                              Respectfully yours,

                          CARELLA, BYRNE, CECCHI,
                      OLSTEIN, BRODY & AGNELLO

                                *James E. Cecchi*

                                JAMES E. CECCHI

cc:    All Counsel of Record (via ECF)
        Kenneth Mullaney, Esq. (by e-mail)