# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | 5 BECKER FARM ROAD | FRANCIS C. HAND | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | ROSELAND, N.J. 07068-1739 | AVRAM S. EULE | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | PHONE (973) 994-1700 | RAYMOND W. FISHER | ALAN J. GRANT° |
| JAN ALAN BRODY | CARL R. WOODWARD, III | FAX (973) 994-1744 | CHRISTOPHER H. WESTRICK* | STEPHEN R. DANEK |
| JOHN M. AGNELLO | MELISSA E. FLAX | www.carellabyrne.com | | DONALD A. ECKLUND |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | | OF COUNSEL | MEGAN A. NATALE |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | | | ZACHARY S. BOWER+ |
| | BRIAN H. FENLON | | *CERTIFIED BY THE SUPREME COURT OF | MICHAEL CROSS |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | NEW JERSEY AS A CIVIL TRIAL ATTORNEY | CHRISTOPHER J. BUGGY |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | JOHN V. KELLY III |
| ELLIOT M. OLSTEIN (1939-2014) | | | | °MEMBER NY BAR ONLY |
| | | | | +MEMBER FL BAR ONLY |

September 29, 2016

*Via ECF*
Honorable Joel Schneider, U.S.M.J.
United States District Court,
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
1 John F. Gerry Square
Camden, New Jersey 08101

   Re: ***In Re Riddell Concussion Reduction Litigation***
      <u>**Civil Action No. 13-07585 (JBS) (JS)**</u>

Dear Judge Schneider,

  As you know, this firm together with co-counsel represents Plaintiffs in the above captioned matter. We file this Letter in response to Section II of Defendants September 23, 2016 Letter.

  As an initial point regarding Defendants' complaints regarding the meet and confer process, Plaintiffs Letter dated September 13 sought protection from the production of documents by DePaul in response to the subpoena that Riddell served without any prior notice to Plaintiffs. Riddell's claims or suggestion to the contrary are incorrect. The parties have met and conferred on the alleged discovery deficiencies, and have resolved some, but not all, of the issues. As explained herein, Defendants' requests amount to new discovery that seek irrelevant information or are improper attempts to limit Plaintiffs' ability to prosecute their case. For these reasons and the others explained herein, these new requests should be denied.

  a. Plaintiffs' Social Media

  Defendants' amorphous requests for production of social media should be denied because it is overbroad and seeks irrelevant information that was not requested. Defendants' claim that its counsel has located relevant documents illustrates the point because the documents "located" by defense counsel, at best, show the children of the named Plaintiffs wearing unidentifiable football helmets at irrelevant time periods on the children's social media accounts. Defendants take the untenable position that any photograph of anyone wearing a football helmet would be

Case 1:13-cv-07585-JBS-JS   Document 174   Filed 09/29/16   Page 2 of 4 PageID: 2776

Honorable Joel Schneider, U.S.M.J.
September 29, 2016
Page 2

responsive. This is not the case, and this information was not requested in any of Defendants' document requests. If the Court does deem this information to be properly included in Defendants' requests, then Defendants have now raised these issues too late. Regardless, Plaintiffs have produced pictures of the subject helmets and provided the helmets at issue, in person, at each deposition. Plaintiffs agree to continue to search for relevant photographs, but believe Defendants current request to be overly broad and not within the scope of agreed upon discovery.

      b.    Plaintiffs' Assertion of Attorney-Client Privilege Regarding their Theories of Liability and Damages

This request for statements from Plaintiffs limiting their ability to establish liability and damages is unprecedented. Indeed, as in most class actions, Plaintiffs will likely rely on expert testimony to support their liability and damages theories, as well as the myriad of documents and information from Defendants, and Plaintiffs' own experiences purchasing the helmets at issue.

It is also unclear exactly what Defendants are requesting. The bottom line is that Defendants will have deposed all Plaintiffs by October 10, 2016, and have received multiple, verified, discovery responses. If Defendants wanted to close off any line of questioning, they had ample opportunity to do so at the Plaintiffs depositions. Plaintiffs have no obligations to do anything further.

      c.    Alliance Youth Sports Associations' Deficiencies

Plaintiff Alliance Youth Sports Association is not deficient in regard to their discovery responses. Defendants are in possession of verified discovery responses, ratified by the current President, and Defendants are in possession of three sets of production that encompasses the agreed upon ESI search. Defendants did raise an issue with the way in which the second production (also done at Defendants' request) appeared when they printed the documents, so Plaintiffs re-ran the search terms and re-produced the documents. While Defendants waited over five months to bring up this alleged deficiency, it is clearly past the point of objection. From Plaintiffs' perspective, this issue should now be considered moot as Plaintiffs have produced a third production to Defendants in an effort to alleviate their concerns.

      d.    Additional Documents Requested from the Aronsons

The four categories of documents that Defendants seek from the Aronsons are irrelevant to the litigation and/or do not fit within Defendants' existing document requests. Rather than attempt to shoe horn the requests into prior discovery, Defendants should have sought the Court's permission to serve additional discovery. As it is, they are out of time. Each request is addressed in more detail below:

- Mr. Aronson's prior sworn testimony regarding a workers compensation claim related to his employment by the NFL many years ago has no bearing on the

consumer fraud claim here. At the time Mr. Aronson was playing in the NFL none of the helmet manufacturers made claims that their football helmets had concussion reduction technology so there is no basis for Defendants' claim that this testimony has any bearing on this case. This information simply is not relevant. Further, Defendants document requests did not include a request for prior sworn testimony and Plaintiffs are not relying on this information or Mr. Aronson's experience playing in the NFL to advance their claims. This request is clearly a fishing expedition and should be rejected.

- Defendants' next request for any documents related to any use of a football helmet in Plaintiffs'' lifetimes is similarly irrelevant and overbroad. Defendants have not explained, nor can they, how wearing other football helmets at any point in time relates to Plaintiffs claims here that they purchased the Revolution helmets to receive the promised concussion reduction benefits. Again, Defendants have also not even attempted to explain why this information is relevant, what issue it relates to, nor have they explained which of their document requests this information is allegedly responsive to. As a result of these failures, this request should be denied.

- Defendants next seek documents related to any concussion suffered by Nico Aronson. Again, this information is irrelevant to the elements of the claims at issue because whether one Plaintiff may or may not have suffered a concussion, and the severity of that concussion, are not facts relevant to whether the Revolution helmets possessed "technology" that made them better at preventing concussions than other helmets available to Plaintiffs. This is not a personal injury case and the medical records of Plaintiffs' son are not discoverable. This information also does not fall within any of Defendants' requests and thus should be denied.

- Defendants' last request of the Aronsons is that they produce documents reflecting the years their son Nico attended high school. While this again does not fit within any of their requests, Plaintiffs are willing to meet and confer in good faith and provide information sufficient to show the dates of attendance should Defendants still have a need for it after the deposition of Denise Aronson. Plaintiffs also note that Plaintiffs have produced the helmet at issue and the verification of their purchase was within the records of Defendants, so there does not appear to be a disagreement over the date of purchase and this information is therefore irrelevant.

    e.    Verification of Responses to Second Set of Interrogatories by Nicholas Farrell

As of the time of this filing, Defendants have received, and are in possession of, the signed Second Set of Interrogatories by Mr. Farrell so this issue is also moot.

In sum, Defendants' requests amount to a motion to compel for which they have wholly failed to support with any specificity or showing that the requested documents are relevant to the elements of the claims asserted. Riddell has similarly failed to link any of the information sought to any of their existing documents requests. As such, Defendants have failed to meet their burden and their requests should be denied.

Thank you for your continued attention to this important matter, and we are available at the Court's convenience to discuss these matters further.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

*/s/ James E. Cecchi*

JAMES E. CECCHI

JEC/ljt