James E. Cecchi
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RIDDELL CONCUSSION REDUCTION LITIGATION | Civil Action No. 13-7585 (JBS)(JS) |
| This Document Relates To:  ALL CASES | **PLAINTIFFS' PROPOSED TRIAL PLAN** |

Pursuant to Rule 23, Plaintiffs proposes the following Trial Management Plan for the

jury trial on the claims for the certified classes.  Plaintiffs' proposed trial plan contemplates a

single trial that will address the state consumer claims.[1]  Plaintiffs will prove the elements of

their causes of action using evidence that is common to all Class members.  Whether

establishing liability or common damages, Plaintiffs will rely upon evidence that is common

to all Class members.

Plaintiffs' evidence for liability and common damages will likely encompass the

following:

1. Expert testimony about, *inter alia*, the causes of concussions, the ability of a football helmet to reduce the incidences of concussions; the standards for concussions and the reasons the CRT in the Riddell CRT Helmets cannot and does not reduce the incidences of concussions;

2. Defendants' Corporate witnesses to discuss the documents concerning, for example: composition of CRT, the development and testing of CRT, the pricing of the Riddell

---

[1] Alternatively, the Court could conduct a bellwether trial for one of the state consumer claims to the extent that it finds any meaningful differences in the applicability of those laws to the facts presented in this case.

CRT Helmets, the marketing of the Riddell CRT Helmets, what Defendants meant by concussion in their promises to consumers.

3.  Plaintiffs' testimony regarding their purchases of the Riddell CRT Helmets and the reasons for such purchases;

While Plaintiffs' trial plan contemplates a single trial, Plaintiffs respectfully propose a process that bifurcates liability and damages..

In the first stage, evidence of liability will be presented to the jury, and the jury will make findings on the common issues of fact (such as whether CRT has the capability to reduce concussions for any consumer) by answering questions contained in special verdict forms.[2]  During the second stage, the jury will consider the evidence and answer a special verdict question addressing the award of class-wide damages for violation of the state consumer protection laws.

Plaintiffs reserve the right to amend and modify this Trial Management Plan in advance of trial in light of the completion of merits disclosures, including from additional experts and discovery, changes in the law, and orders arising from motions for summary judgment.

A.    **Trial Management Plan's Key Features**

- A single trial on Plaintiffs' claims for violation of state consumer protection laws, bifurcated between liability and damage issues.

- One jury for both phases of the trial.

- Common evidence on liability and aggregate damages.

---

[2] *See* Fed. R. Civ. P. 49; Manual for Complex Litigation Fourth § 11.633 (2005) ("Special verdict forms or interrogatories…may help the jury focus on the issues, reduce the length and complexity of the instructions, and minimize the need for, or scope of, retrial in the event of reversible error….[They] may also be used in connection with a procedure by which issues are submitted to the jury sequentially.  The jury may be asked to consider a threshold or dispositive issue and return its verdict before submission of other issues, which may be rendered moot by the verdict.").

**B.**     **Trial Phase I: State Consumer Protection**

   1.     Opening arguments

   2.     Evidence regarding liability:

       a.     Plaintiffs' case-in-chief

       b.     Defendant's case-in-chief

       c.     Plaintiffs' rebuttal

   3.     Closing arguments

**C.**     Special Verdict Forms: Pursuant to Rule 49(a), Plaintiffs and Defendant will submit special verdict forms with their Pretrial Submissions on the claims that are presented to the jury.  If all classes are certified and presented in a single trial, four special verdict forms will be proposed.

**D.**     Trial Phase II: Determining Damages

   1. Opening arguments regarding aggregate damages

   2. Evidence regarding aggregate damages

       a.     Plaintiffs' case-in-chief

       b.     Defendant's case-in-chief

       c.     Plaintiffs' rebuttal

   3.     Closing arguments regarding aggregate damages - Special Verdict Form: Pursuant to Rule 49(a), Plaintiffs and Defendant will submit Special Verdict Forms with their Pretrial Submissions on damages.[3]

---

[3] Plaintiffs respectfully request that the Court instruct the jury to return special verdict form(s) that provides actual damages to the classes and subclasses, which will be enhanced automatically pursuant to state consumer protection laws.