UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RIDDELL CONCUSSION REDUCTION LITIGATION | Civil Action No. 13-7585 (JBS)(JS)<br><br>**DECLARATION OF JAMES B. SAYLOR** |

James B. Saylor, an attorney duly admitted to practice law before this Court, declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an associate in the law firm of Kelley Drye & Warren, LLP, and counsel of record for Defendants Riddell, Inc., Riddell Sports Group, Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corporation, RBG Holdings Corporation, and All- American Sports Corporation (collectively, "Riddell") in the above-captioned matter.

2. I respectfully submit this Declaration in Opposition to Plaintiffs' Motion for Class Certification, and in support of Defendants' Motions to Exclude the Expert Reports and Testimony of Dr. Robert C. Cantu, Dr. Barry D. Jordan, Robert L. Klein, and Dr. Charles D. Cowan. I have personal knowledge of the matters and documents stated herein, all of which have been reviewed or retrieved by me personally or under my supervision.

3. Attached hereto as Exhibit 1 is a true and correct copy of the Declaration of Thad Ide, dated February 9, 2017. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

4. Attached hereto as Exhibit 2 is a true and correct copy of the Rebuttal Expert Report of Kurt Carlson, PhD.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

5. Attached hereto as Exhibit 3 is a true and correct copy of the Rebuttal Expert Report of Laura B. Stamm, CPA, of Analysis Group, Inc.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

6. Attached hereto as Exhibit 4 is a true and correct copy of the Rebuttal Expert Report of Thomas A. Gennarelli, M.D.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

7. Attached hereto as Exhibit 5 is a true and correct copy of excerpts of the deposition of Thad Ide taken on August 30, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

8. Attached hereto as Exhibit 6 is a true and correct copy of excerpts of the deposition of Thad Ide taken on August 31, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

9. Attached hereto as Exhibit 7 is a true and correct copy of excerpts of the deposition of Dominick Violi taken on September 8, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

10. Attached hereto as Exhibit 8 is a true and correct copy of excerpts of the deposition of Taylor Hanohano, taken on September 27, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

11. Attached hereto as Exhibit 9 is a true and correct copy of excerpts of the deposition of Allison Chonko MacGregor, taken on September 29, 2016.  This exhibit is being

filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

12. Attached hereto as Exhibit 10 is a true and correct copy of an email dated April 17, 2012, with attachment, marked as MacGregor 6 and MacGregor 7 at the Deposition of Ms. Chonko MacGregor on September 29, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

13. Attached hereto as Exhibit 11 is a true and correct copy of the deposition of Dr. Charles Cowan, taken on January 11, 2017. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

14. Attached hereto as Exhibit 12 is a true and correct copy of the deposition of Dr. Barry Jordan, taken on January 12, 2017. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

15. Attached hereto as Exhibit 13 is a true and correct copy of a document entitled "Consensus Statement on Concussion in Sport: the 3rd International Conference on Concussion in Sport held in Zurich, November 2008" ["2008 Consensus Statement"], marked as Jordan 14 at the deposition of Dr. Jordan on January 12, 2017.

16. Attached hereto as Exhibit 14 is a true and correct copy of a study published online by *The Annals of Biomedical Engineering*, Vol. 41, No. 12, December 2013, entitled "Head Impact Exposure in Youth Football: Elementary School Ages 9-12 Years and the Effect of Practice Structure" [the "Cobb Study"], marked as Jordan 15 at the deposition of Dr. Jordan on January 12, 2017.

17. Attached hereto as Exhibit 15 is a true and correct copy of the deposition of Dr. Robert Cantu, taken on January 13, 2017. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

18. Attached hereto as Exhibit 16 is a true and correct copy of a webpage from the website of the National Operating Committee on Standards for Athletic Equipment ("NOCSAE"), entitled "FAQs," in the website's "About NOCSAE" section, marked as Cantu 6 at the deposition of Dr. Cantu on January 13, 2017.

19. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from a book by Robert Cantu, M.D. and Mark Hyman entitled "Concussions and Our Kids," marked as Cantu 7 at the deposition of Dr. Cantu on January 13, 2017.

20. Attached hereto as Exhibit 18 is a true and correct copy of a document entitled "Summary and agreement statement of the first International Conference on Concussion in Sport, Vienna 2001" ["2001 Consensus Statement"], marked as Cantu 9 at the deposition of Dr. Cantu on January 13, 2017.

21. Attached hereto as Exhibit 19 is a true and correct copy of a study published online by *The American Journal of Sports Medicine*, on June 1, 2016, entitled "Concussion Characteristics in High School Football by Helmet Age/Recondition Status, Manufacturer, and Model: 2008-2009 Through 2012-2013 Academic Years in the United States" [the "Collins Study"], marked as Cantu 12 at the deposition of Dr. Cantu on January 13, 2017.

22. Attached hereto as Exhibit 20 is a true and correct copy of a document entitled "Consensus Statement on Concussion in Sport: The 4th International Conference on Concussion in Sport held in Zurich, November 2012" ["2012 Consensus Statement"], marked as Cantu 18 at the deposition of Dr. Cantu on January 13, 2017.

23. Attached hereto as Exhibit 21 is a true and correct copy of an article by Robert Cantu featured in the *The Bridge* (a publication of the National Academy of Engineering), Vol. 46, No. 1, Spring 2016, entitled "Opportunities for Prevention of Athletic Concussion on the Playing Field," marked as Cantu 19 at the deposition of Dr. Cantu on January 13, 2017.

24. Attached hereto as Exhibit 22 is a true and correct copy of a document entitled "Summary and agreement statement of the 2nd International Conference on Concussion in Sport, Prague 2004" ["2004 Consensus Statement"], marked as Cantu 20 at the deposition of Dr. Cantu on January 13, 2017.

25. Attached hereto as Exhibit 23 is a true and correct copy of a document entitled "National Athletic Trainers' Association Position Statement: Management of Sport-Related Concussion," published in the Journal of Athletic Training, marked as Cantu 23 at the deposition of Dr. Cantu on January 13, 2017.

26. Attached hereto as Exhibit 24 is a true and correct copy of the deposition of Robert Klein, taken on January 20, 2017. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

27. Attached hereto as Exhibit 25 is a true and correct copy of a Riddell advertisement, marked as Klein 2 at the deposition of Mr. Klein taken on January 20, 2017.

28. Attached hereto as Exhibit 26 is a true and correct copy of a Riddell advertisement, marked as Klein 3 at the deposition of Mr. Klein taken on January 20, 2017.

29. Attached hereto as Exhibit 27 is a true and correct copy of Defendants' Second Amended Responses to Plaintiffs' Amended First Set of Interrogatories, dated May 27, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

30. Attached hereto as Exhibit 28 is a true and correct copy of a study published in *The Journal of Neurosurgery*, Vol. 58, No. 2, February 2006, entitled "Examining Concussion Rates and Return to Play in High School Football Players Wearing Newer Helmet Technology: A Three-Year Prospective Cohort Study" [the "UPMC Study"].

31. Attached hereto as Exhibit 29 is a true and correct copy of a study published online by *The American Journal of Sports Medicine*, on July 24, 2014, entitled "Protective Equipment and Player Characteristics Associated With the Incidence of Sport-Related Concussion in High School Football Players: A Multifactorial Prospective Study" [the "Wisconsin Study"].

32. Attached hereto as Exhibit 30 is a true and correct copy of a study published in *The Journal of Neurosurgery*, Vol. 120, April 2014, entitled "Can helmet design reduce the risk of concussion in football?" [the "Virginia Tech Study"].

33. Attached hereto as Exhibit 31 is a true and correct copy of a letter from the Federal Trade Commission ("FTC") to Riddell Sports Group, Inc., dated April 24, 2013, also available on FTC's website at http://www.ftc.gov/enforcement/cases-proceedings/closing-letters/riddell-sports-group-inc.

34. Attached hereto as Exhibit 32 is a true and correct copy of a letter from the Federal Trade Commission ("FTC") to Schutt Sports, Inc., dated April 24, 2013, also available on FTC's website at https://www.ftc.gov/enforcement/cases-proceedings/closing-letters/schutt-sports-inc.

35. Attached hereto as Exhibit 33 is a true and correct copy of a letter from the Federal Trade Commission ("FTC") to Xenith, LLC, dated April 24, 2013, also available on FTC's website at https://www.ftc.gov/enforcement/cases-proceedings/closing-letters/xenith-llc.

36. Attached hereto as Exhibit 34 is a true and correct copy of United States Patent No. 6,934,971 [the "971 patent"] and United States Patent No. 7.240,376 [the "376 patent"].

37. Attached hereto as Exhibit 35 is a true and correct copy of the Judgment in *Riddell, Inc. v. Schutt Sports, Inc.*, No. 3:08-cv-00711-bbc, Dkt. No. 387 (W.D. Wis. Aug. 18, 2010).

38. Attached hereto as Exhibit 36 is a true and correct copy of excerpts from Riddell's 2007 Football Catalog, produced by Riddell in discovery as RIDDELL00090268 – 90282.

39. Attached hereto as Exhibit 37 is a true and correct copy of excerpts from Riddell's 2013 Football Catalog, produced by Riddell in discovery as RIDDELL00091770 – 92004.

40. Attached hereto as Exhibit 38 is a true and correct copy of excerpts from Riddell's 2014 Football Catalog, produced by Riddell in discovery as RIDDELL00092063 – 92099.

41. Attached hereto as Exhibit 39 is a true and correct copy of excerpts from Riddell's 2015 Football Catalog, produced by Riddell in discovery as RIDDELL00092204 – 92236.

42. Attached hereto as Exhibit 40 is a true and correct copy of excerpts of the deposition of Douglas Aronson taken on September 8, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

43. Attached hereto as Exhibit 41 is a true and correct copy of excerpts of the deposition of Denise Aronson, taken on October 10, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

44. Attached hereto as Exhibit 42 is a true and correct copy of Plaintiffs Douglas and Denise Aronson's Supplemental Answers to Defendant's First Set of Interrogatories, dated May 16, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

45. Attached hereto as Exhibit 43 is a true and correct copy of excerpts of the deposition of Norma Thiel, taken on September 12, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015

46. Attached hereto as Exhibit 44 is a true and correct copy of Plaintiff Norma D. Thiel's Supplemental Answers to Defendant's First Set of Interrogatories, dated May 6, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

47. Attached hereto as Exhibit 45 is a true and correct copy of an invoice dated April 24, 2013, produced by Plaintiffs in discovery as THIEL0000012, and marked as Thiel 13 at the Deposition of Ms. Thiel on September 12, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

48. Attached hereto as Exhibit 46, and pursuant to Fed. R. Civ. Pro. 34, is a CD-ROM containing a true and correct copy of a video hosted on the Riddell Sports page on Youtube.com, "Published on Mar 19, 2013," marked as Thiel 21 at the Deposition of Ms. Thiel on September 12, 2016.  This file was unable to be submitted through the Court's CM/ECF website, and has been sent directly to Chambers and Counsel for Plaintiffs with Defendants' Courtesy Copies.

49. Attached hereto as Exhibit 47 is a true and correct copy of excerpts of the deposition of Nicholas Farrell, taken on September 28, 2016.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

50. Attached hereto as Exhibit 48 is a true and correct copy of Plaintiff Nicholas Farrell's Supplemental Answers to Defendant's First Set of Interrogatories, dated June 22, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

51. Attached hereto as Exhibit 49 is a true and correct copy of Plaintiff Nicholas Farrell's Answers to Defendant's Second Set of Interrogatories. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

52. Attached hereto as Exhibit 50 is a true and correct copy of a document dated November 23, 2015 containing an "Index of Plaintiffs' Photographs" and Pls_Photo000019 through Pls_Photo00022, corresponding to Plaintiff Nicholas Farrell's Revolution Speed.

53. Attached hereto as Exhibit 51 is a true and correct copy of various invoices from Riddell to West Port High School, produced by Riddell in discovery as RIDDELL00103303 – 103325. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

54. Attached hereto as Exhibit 52 is a true and correct copy of various photographs, produced by Plaintiffs in discovery as Pls_Photos0000001 – 0034.

55. Attached hereto as Exhibit 53 is a true and correct copy of the original Complaint filed on behalf of Plaintiff Gustavo Galvan by Plaintiffs' Counsel on February 14, 2014, styled as *Gustavo Galvan v. Riddell Inc. et al.*, No. 3:14-cv-00539-DMS-WVG, Dkt. No. 1 (S.D. Cal. February 14, 2014).

56. Attached hereto as Exhibit 54 is a true and correct copy of excerpts of the deposition of Gustavo Galvan, taken on September 20, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

57. Attached hereto as Exhibit 55 is a true and correct copy of Plaintiff Gustavo Galvan's Supplemental Answers to Defendant's First Set of Interrogatories, dated July 27, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

58. Attached hereto as Exhibit 56 is a true and correct copy of a webpage from Riddell's website showing the product detail for the Revolution Edge Youth helmet, as it appeared on May 22, 2011 (accessed via the WayBack Machine, available at www.waybackmachine.com).

59. Attached hereto as Exhibit 57 is a true and correct copy of excerpts of the 30(b)(6) deposition of Alliance Youth Sports Association by and through its designated representative Kenny King, taken on December 6, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

60. Attached hereto as Exhibit 58 is a true and correct copy of excerpts of the deposition of Oliver Ross, taken on September 27, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

61. Attached hereto as Exhibit 59 is a true and correct copy of Plaintiff Alliance Youth Sports Inc.'s Second Supplemental Answers to Defendant's First Set of Interrogatories, dated May 16, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

62. Attached hereto as Exhibit 60 is a true and correct copy of an Arizona Corporation Commission "Officer/Director/Shareholder Change" form dated "6/17/16", and stamped as "Received Aug 01 2016," marked as King 4 at the deposition of Mr. King on December 6, 2016.

63. Attached hereto as Exhibit 61 is a true and correct copy of Plaintiff Alliance Youth Sports Inc.'s Answers to Defendant's Second Set of Interrogatories, dated August 31, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

64. Attached hereto as Exhibit 62 is a true and correct copy of excerpts from Riddell's 2010 Catalog, marked as King 9 at the deposition of Mr. King on December 6, 2016.

65. Attached hereto as Exhibit 63 is a true and correct copy of the minutes from a "Coalition Meeting" of the "Sport Concussion Coalition of Arizona" dated March 20, 2012, marked as King 20 at the deposition of Mr. King on December 6, 2016.

66. Attached hereto as Exhibit 64 is a true and correct copy of the "Schedule of Events" for the "2011 NFL/USA Football Youth Football Summit," marked as King 21 at the deposition of Mr. King on December 6, 2016.

67. Attached hereto as Exhibit 65 is a true and correct copy of an email dated February 20, 2012 with the subject line "Neurodevelopment slides" and excerpts from the attached "Coaches Concussion Curriculum," marked as King 22 and 23 at the deposition of Mr. King on December 6, 2016.

68. Attached hereto as Exhibit 66 is a true and correct copy of the allianceyouthsports.org website's "AYSA/RENTAL/PURCHASE EQUIPMENT INFORMATION" page, listing "Rental Option" and "Purchase Option" for Riddell helmets, marked as King 30 at the deposition of Mr. King on December 6, 2016.

69. Attached hereto as Exhibit 67 is a true and correct copy of June 2010 Riddell invoices for helmets ordered by Alliance Youth.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

70. Attached hereto as Exhibit 68 is a true and correct copy of July 2010 Riddell invoices for helmets ordered by Alliance Youth.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

11

71. Attached hereto as Exhibit 69 is a true and correct copy of July and August 2014 Riddell invoices for helmets ordered by Alliance Youth. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

72. Attached hereto as Exhibit 70 is a true and correct copy of an email chain with the subject line "RIDDELL HELMET LITIGATION – GENERAL FILE," last dated November 14, 2016. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

73. Attached hereto as Exhibit 71 is a true and correct copy of various webpages from the SchuttSports.com website stating that all of Schutt's helmets are "designed with the intent to reduce the risk of concussions," as it appeared on various dates during the class period (dates marked on page) (accessed via the WayBack Machine, available at www.waybackmachine.com and URLs noted in each screenshot).

74. Attached hereto as Exhibit 72 is a true and correct copy of various webpages from the SchuttSports.com website stating that Riddell's helmets absorb 24% and 44% less impact than Schutt helmets, as it appeared on various dates during the class period (dates marked on page) (accessed via the WayBack Machine, available at www.waybackmachine.com and URLs noted in each screenshot).

75. Attached hereto as Exhibit 73 is a true and correct copy of an email chain with the subject line "Schutt Football Helmet," last dated January 4, 2011, produced by Riddell in discovery as RIDDELL-FTC-034524. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

76. Attached hereto as Exhibit 74 is a true and correct copy of an email chain with the subject line "Helmet Data," last dated October 02, 2009, produced by Riddell in discovery as

RIDDELL-FTC-049727, with attachments (RIDDELL-FTC-049729, RIDDELL-FTC-0049730, and RIDDELL-FTC-049739).  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

77. Attached hereto as Exhibit 75 is a true and correct copy of the original Complaint filed on behalf of Kenny King by Plaintiffs' Counsel on March 14, 2014, styled as *Kenny King v. Riddell Inc. et al.*, No. 1:14-cv-01846, Dkt. No. 1 (N.D. Ill., March 14, 2014).

78. Attached hereto as Exhibit 76 is a true and correct copy of a mailer, produced by Riddell in discovery as RIDDELL-FTC-000829.

79. Attached hereto as Exhibit 77 is a true and correct copy of a document entitled "The Riddell Revolution: Product Fact Sheet," produced by Riddell in discovery as RIDDELL-FTC-000974-975.

80. Attached hereto as Exhibit 78 is a true and correct copy of a Riddell webpage providing a free, full copy of the UPMC Study, produced by Riddell in discovery as RIDDELL-FTC-000910.

81. Attached hereto as Exhibit 79 is a true and correct copy of a Riddell webpage containing a UPMC Study Fact Sheet, produced by Riddell in discovery as RIDDELL-FTC-000955.

82. Attached hereto as Exhibit 80 is a true and correct copy of an email chain with the subject line "UPMC Study," last dated March 24, 2010, produced by Riddell in discovery as RIDDELL-FTC-035011.  This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

83. Attached hereto as Exhibit 81 is a true and correct copy of an email chain with the subject line "UPMC Study," last dated March 24, 2010, produced by Riddell in discovery as

13

RIDDELL-FTC-018415. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

84. Attached hereto as Exhibit 82 is a true and correct copy of a "Riddell Customer Survey" conducted by Bauman Research & Consulting LLC, dated November 18, 2014. This exhibit is being filed under seal pursuant to the Stipulated Protective Order of Confidentiality dated October 26, 2015.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 9, 2017

KELLEY DRYE & WARREN LLP

By _____
James B. Saylor