Joseph A. Boyle
Michael A. Innes
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900

Michael C. Lynch (admitted *pro hac vice*)
Sung W. Kim (admitted *pro hac vice*)
James B. Saylor (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

John E. Villafranco (*pro hac vice to be filed*)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8451

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE RIDDELL CONCUSSION REDUCTION LITIGATION | Civil Action No. 13-7585(JBS)(JS) |

### DEFENDANTS' SECOND AMENDED RESPONSES TO PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of

the United States District Court for the District of New Jersey, and the Orders of this Court,

Defendants Riddell, Inc. ("Riddell"), Riddell Sports Group, Inc. ("Riddell Sports Group"),

Easton-Bell Sports, Inc., Easton-Bell Sports, LLC, EB Sports Corporation, RBG Holdings

Corporation, and All-American Sports Corporation  (collectively, "Defendants"), by and through

1

CONFIDENTIAL – ATTORNEYS' EYES ONLY

their attorneys Kelley Drye & Warren LLP, hereby assert the following Second Amended

Objections and Responses to Plaintiffs' Amended First Set of Interrogatories:

## PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS

The Court has ruled on many of the Parties' discovery objections to date.  Of course,

Defendants will comply with all of the Court's discovery rulings.  Defendants make this statement

so as to preserve, and not waive, their objections.  Accordingly, Defendants incorporate by

reference herein and specifically reserve any and all objections and rights previously set forth in

the "Preliminary Statement and Reservation of Rights," "General Objections," "Objections to

Instructions and Definitions," and "Specific Objections and Responses to Plaintiff's

Interrogatories," contained in Defendants' Objections to Plaintiffs' First Set of Interrogatories

served September 24, 2015.  Defendants further incorporate by reference herein and specifically

reserve any and all objections made on the record during the proceedings held on November 5,

2015, December 17, 2015, January 28, 2016, and April 14, 2016.

## SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Unless otherwise stated herein, each person identified below may be contacted through

Counsel for Defendants.

**Interrogatory No. 2:**

For each year from 2007 to the present, state the number of units sold of each HELMET

in the United States.

**Response:**

The below chart reflects the number of each HELMET sold by Riddell to its customers in

the United States each year from 2007 to the present.

CONFIDENTIAL – ATTORNEYS' EYES ONLY



3
**CONFIDENTIAL – ATTORNEYS' EYES ONLY**



4

**INTERROGATORY NO. 3:**

For each year since 2007, state the average retail price for each type and style of HELMET sold

in the United States.

**Response:**

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**



CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 4:**

IDENTIFY ALL manufacturing and sales channels which resulted in sales of HELMETS in the United States since 2002.

**Response:**

Riddell is informed and believes that some of its customers offer HELMETS that they purchase from Riddell for sale to their own customers. For example, (i) national and regional retailer customers may sell the HELMETS they purchase from Riddell to individuals or institutions, (ii) institutional customers may sell or otherwise distribute the HELMETS they purchase from Riddell to their participants, players or constituents, and (iii) individual customers may sell the HELMETS they purchase from Riddell to other individual consumers on platforms such as eBay or Craigslist.  Riddell is not involved in any such sales.

7

CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 5:**

IDENTIFY ALL of YOUR regional sales managers and director of sales from 2007 to present.

Also identify the following:

(1)     the years Alliance Youth Sports Association and Cahokia School District purchased

Defendants' HELMETS, and the direct sales representatives who were responsible for these

territories during those years;

(2)     the direct sales representatives who were responsible for Las Vegas, Nevada in 2010; and

(3)     the direct sales representatives who were responsible for Passaic County, New Jersey in

2011.

**Response:**

       Riddell refers Plaintiffs to documents beginning with Bates labels RIDDELL-FTC-

0000001, -0000010, -000017, RIDDELL-000001, and -000008.  Further, Riddell identifies the

following Regional Sales Managers and Directors of Sales who were recently hired or promoted

and not reflected therein: Craig Scott and Mike Cicogna.   As for its response to Plaintiffs'

Interrogatory No. 5, subparts (1) through (3), Riddell offers the following:

       (1) Alliance Youth Sports Association purchased HELMETS in the years 2010, 2011,

2012, and 2014.  Taylor Hanohano, Greg Romine and Jeffrey Whiting were the Sales

Representatives responsible for the territory that included Alliance Youth Sports Association

during the years 2010, 2011, 2012 and 2014.  Cahokia School District purchased HELMETS in

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

2009, 2010, 2011, and 2014.  Tuck Williams was the Sales Representative responsible for the territory which included Cahokia School District during 2009, 2010, 2011 and 2014;

(2) Taylor Hanohano, Tom Shaw and Mike Bodet were the Sales Representatives responsible for the territory covering Las Vegas, Nevada in 2010; and,

(3) Lamelle Williams and Dominick Violi were the Sales Representatives responsible for Passaic County, New Jersey in 2011.

**INTERROGATORY NO. 6:**

IDENTIFY generally how Defendants determined its prices from 2007 to the present for HELMETS and the persons with material knowledge regarding how the prices were determined. (Defendants may identify a reasonable number of people with material knowledge.)

**Response:**



The price of each HELMET model also varied over time.  Persons with material knowledge of pricing of Riddell's HELMETS from 2007 to the present include Dan Arment, Thad Ide, Kyle Borland, Michael Oller, and Allison Boersma.

**INTERROGATORY NO. 7:**

For each year from 2007 to the present, IDENTIFY the persons with material knowledge regarding Defendants' marketing and advertising of the HELMETS.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**Response:**

- Dan Arment, President;

- Thad Ide, SVP, Research and Product Development;

- Allison (Chonko) MacGregor, Director of Institutional Marketing;

- Kyle Borland, VP, Institutional Sales; and,

- Brian Roche, General Counsel.

**INTERROGATORY NO. 9:**

IDENTIFY the following:

(1)     the person or persons who developed the term "Concussion Reduction Technology"

("CRT");

(2)     who decided to use the term CRT in conjunction with the marketing and advertising of

the HELMETS, and

(3)     when the decision was made to use the term CRT in Defendants' marketing and

advertising.

**Response:**

For its Response to Interrogatory No. 9, subparts (1) through (3), Riddell offers the

following:

(1)

10

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

████████████████████████████████████████████

████████████████████████████████████

(2)      See Answer to Interrogatory No. 9(1) above;

(3)      2007.

## INTERROGATORY NO. 11:

IDENTIFY the ten (10) largest national retailers and distributors by sales, for each year from

2007 to the present, to whom the Defendants have sold HELMETS, including the name, location,

and dollar sales volume.

**Response:**

Riddell has sold the HELMETS to two (2) national retailers: The Sports Authority and

Dick's Sporting Goods.  The following is the dollar sales volume received by Riddell from

national retailers for sales of its HELMETS each year from 2007 to the present, and the location

of the corporate headquarters or main office for each:

(1)      The Sports Authority, 1050 W Hampden Ave, Englewood, CO 80110.  ████

████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████

██████████████

██████████████

██████████████

██████████████

██████████████

██████████████

11

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

(2)     Dick's Sporting Goods, 345 Court St. Coraopolis, PA 15108. ███████

Riddell also sells its helmets to a number of regional retailers as follows:

(1)     Academy Sports + Outdoors, 1800 N. Mason Rd, Katy, Texas 77449. ██████

(2)     Scheels, 4550 15 Ave. S., Fargo, North Dakota 58103. ███████

12



(3)     Hibbett Sports, 451 Industrial Ln, Birmingham, Alabama 35211.

(4)     MC Sports, 3070 Shaffer Ave Se, Grand Rapids, Michigan 49512.

(5)     Modell's Sporting Goods, 498 7th Ave, 20th Floor New York, New York 10018.

**INTERROGATORY NO. 16:**

STATE whether or not YOU can IDENTIFY all purchasers of the HELMETS since 2007. If you are unable to identify all purchasers, then please

(1)     STATE whether or not YOU can IDENTIFY all direct purchasers (i.e., all customers who bought their HELMETS directly from Riddell, whether through group sales or individual sales);

(2)     IDENTIFY the percentage of direct purchasers versus indirect purchasers since 2007;

(3)     IDENTIFY and state whether or not there are other methods (i.e. warranty or product registrations, documentation from retailers, etc.) of identifying indirect purchasers (i.e. individuals or groups who purchased through third party retailers or other sources than the Defendant itself);

(4)     If there are other methods of identifying indirect purchasers, state the total percentage of all buyers the Defendant can IDENTIFY since 2007.

**Response:**

Riddell has no method of identifying all "purchasers" of the HELMETS since 2007, and cannot provide a certain figure for the volume of HELMETS that it sells which reach an "indirect purchaser" or other end-user through its customers.  Riddell's regular course of business does not include collecting information regarding the identity of persons or entities who purchase the HELMETS from Riddell's customers.  By way of further information, Riddell states that while it fulfills shipments for orders placed on the websites of its national retailers, and the website of one regional retailer, it receives only shipping information and cannot confirm that this shipping information would correspond to a "purchaser."

As for its response to Interrogatory No. 16, subparts (1) through (4), Riddell responds as follows:

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

(1)     Riddell is capable of identifying all customers who purchased HELMETS from Riddell.

(2)     Riddell is unable to determine the number of "indirect sales" since 2007, and therefore cannot determine "the percentage of direct purchasers versus indirect purchasers" since 2007.

(3)     There are no such other methods of identifying "indirect purchasers."

(4)     Not applicable.

## INTERROGATORY NO. 17:

IDENTIFY ANY third party marketing company or PERSONS involved in the advertising or sales of the HELMETS from 2002 to the present.

**Response:**

     As for its Response to Interrogatory No. 17, Riddell identifies the following third party marketing companies who were involved in the advertising and marketing for the HELMETS:

- Empire Green Creative, 2222 NE Oregon St. STE 208. Portland, OR 97232;

- Headrush Creative, LLC, 17 Washington Street, 4th Floor, South Norwalk, CT 06854 (now known as Wishbone Design Factory, 25 Marshall Street Unit 3B, South Norwalk, CT 06584);

- Cohn & Wolfe, 200 Fifth Avenue, New York, NY 10010.

## INTERROGATORY NO. 18:

IDENTIFY the types and categories of information YOU have about individual consumer purchasers of HELMETS sold since 2007, including the source of such information, including, but not limited to (i) inquiries, questions, or complaints made to YOU or YOUR call center(s) or

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

technical support center(s); (ii) product registration and warranty records; and (iii) sales data and purchase records.

**Response:**

Riddell refers Plaintiffs to its response to Interrogatory No. 16. ███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████ This information can be derived from Riddell's sales records. Riddell does not use product registration or warranty cards. If someone makes an inquiry, question, or complaint to Riddell about a Riddell product through email, mail, or telephone, Riddell may take some information from the person making such an inquiry, including their name, address, order number, and where or how they purchased their helmet.

**INTERROGATORY NO. 20:**

IDENTIFY ALL PERSONS with material responsibility for the design, technical specifications, and performance of the HELMETS, since 2002.

**Response**:

Thad Ide had primary responsibility for the design, technical specifications, and performance of the HELMETS at issue in this Action. Other Riddell employees with material responsibility for the design, technical specifications, and performance of the HELMETS include Nelson Kraemer, Ralph Infusino, and Vittorio Bologna. Other persons with material responsibility for the design, technical specifications, and performance of the HELMETS were Biokinetics & Associates, Ltd., including Christopher Withnall and Timothy Bayne.



**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**INTERROGATORY NO. 22:**

If YOU contend the HELMETS have a better relative ability or inability to reduce concussions compared to other HELMETS on the market since 2007, state all facts YOU believe support that contention.

**Response:**

Riddell did not contend that "HELMETS have a better relative ability or inability to reduce concussions compared to other HELMETS on the market since 2007." The contention Riddell has made is that the Helmets reduce the relative risk of concussions as compared to helmets of traditional design. For details regarding helmets of traditional design, Riddell refers Plaintiffs to documents bates labeled RIDDELL-FTC-1591 through -1602.

Riddell's "Concussion Reduction Technology" and "31%" claims are based upon the UPMC Study: Collins, *et al.* Examining concussion rates and return to play in high school football players wearing newer helmet technology: a three-year prospective cohort study, *Neurosurgery*, 58:275-286 (2006), which may be found at documents bates labeled RIDDELL-FTC-1591 through -1602. For additional facts that support Riddell's development of Concussion Reduction Technology and the HELMETS' ability to reduce concussions as compared to traditional helmets, Riddell refers Plaintiffs to documents Bates labeled RIDDELL-FTC-001358 through -1373; -1386 through -1419; -1420 through -1439; -1440 through -1457; -1458 through -1471; -1504 through -1521; -1522 through -1537; -1538 through 1555; -1603 through -1613; -1614 through -1616; -1617 through -1621; -1622 through -1623; -1624 through -1629; -53387 through -53391; -53392 through -53397; -53398 through -53400; and RIDDELL00000180 through -183. Riddell reserves the right to amend and/or supplement these facts in light of its

17

continuing investigation and pending further clarification of the factual and scientific bases of Plaintiffs' claims and contentions in this case.

**INTERROGATORY NO. 23:**

State YOUR Definition of "concussion" as used in YOUR marketing and advertising materials for the HELMETS from 2002 to present.

**Response:**

Riddell does not define medical diagnoses, and has at all times relied upon the guidance of medical and scientific experts in the relevant field. Riddell refers Plaintiffs to how concussions were defined and diagnosed in the UPMC Study: Collins, *et al.* Examining concussion rates and return to play in high school football players wearing newer helmet technology: a three-year prospective cohort study, *Neurosurgery*, 58:275-286 (2006), at RIDDELL-FTC-001593.

**INTERROGATORY NO. 24:**

What is Concussion Reduction Technology as used in YOUR marketing and advertising materials for HELMETS from 2002 to present.

**Response:**

The principal design elements constituting Riddell's Concussion Reduction Technology ("CRT") are:

- "Extended Mandible" protection: Helmet shell jaw flaps that extend forward to cover more of the wearer's mandible;

- "Liner Extensions": Padding in the jaw flap area to reduce forces of impact to the side of the head and face (also referred to as "S-Pads" and "Z-Pads"); and

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

- "Offset Shell": An increase in the distance from the wearer's head to the inside surface of the helmet shell (also referred to as an "increased offset").

## INTERROGATORY NO. 25:

If you contended, at any time from 2002 to the present, that CRT reduces the incidence of concussions compared to non-CRT HELMETS, describe how and why.

## Response:

As for its Response to Interrogatory No. 25, Riddell refers Plaintiffs to its Response to Interrogatory No. 22.

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Dated:  May 27, 2016

                                        */s/ Joseph A. Boyle*

Joseph A. Boyle
Michael A. Innes
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900

Michael C. Lynch (admitted *pro hac vice*)
Sung W. Kim (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

John E. Villafranco (*pro hac vice to be filed*)
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8451

*Attorneys for the Defendants*

CONFIDENTIAL – ATTORNEYS' EYES ONLY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of May 2016, the foregoing document was served via e-mail and U.S. Mail on the following counsel for Plaintiff:

James E. Cecchi
Carella Byrne Cecchi Olstein Brody & Agnello, P.C.
5 BECKER FARM ROAD
ROSELAND, NJ 07068
(973) 994-1700
Email: jcecchi@carellabyrne.com

E. Clayton Lowe, Jr.
The Lowe Law Firm, LLC
301 19th Street North
Suite 525
Birmingham, Alabama  35203
205-314-0607
Email: clowe@claylowelaw.com

D.G. Pantazis, Jr.
Wiggins Childs Pantazis Fisher Goldfarb
The Kress Building
301 19th Street North ·
Birmingham, AL 35203
(205)314-0504
Email: dgpjr@wigginschilds.com

    /s/ *Joseph A. Boyle*
Joseph A. Boyle

**CONFIDENTIAL – ATTORNEYS' EYES ONLY**

## VERIFICATION

I, Thad Ide, affirm that I am the Senior Vice President of Research and Product

Development for Riddell, Inc., and that I am authorized by Defendants to sign this verification.

The foregoing answers to Plaintiffs' Amended First Set of Interrogatories are based on the

information reasonably available to Defendants and are true and correct to the best of my

knowledge, information, and belief.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on: _MAY 27, 2016_

_Thad Ide_
_____
Thad Ide
SVP, Research and Product Development
Riddell, Inc.

CONFIDENTIAL – ATTORNEYS' EYES ONLY